NEAL R. ANDREWS, Suing on Behalf of Himself and All Other Stockholders and Holders of Voting Trust Certificates Similarly Situated, Respondent, v. CHARLES E. CHAMBERLAIN et al., Individually and as Directors and Officers of Sales Affiliates, Inc., and as Voting Trustees, Appellants, et al., Defendants.— Although it well may be that the documentary evidence adduced by appellants upon their motion for partial summary judgment, dismissing portions of the amended complaint, might not be subject to impeachment insofar as it purported to discharge them from liability, nevertheless, in view of the imminence of the trial, we think that the question of the impeachment of these documents respecting appellants, as well as respecting defendant Evans, should await determination upon the taking of testimony on the trial. Judgment and order, so far as appealed from, unanimously affirmed, with costs. Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Bergan, JJ.

## SECOND DEPARTMENT, FEBRUARY, 1953.

## (February 2, 1953.)

In the Matter of MILES F. McDONALD, as District Attorney of the County of Kings, Petitioner, against ALFRED V. NORTON, as a Justice of the Supreme Court of the State of New York, et al., Respondents.— Application denied and proceeding dismissed, without costs. The respondent Justice of the Supreme Court, by his decision, has not indicated that he is proceeding contrary to the provisions of subdivision 1 of section 344 of the Code of Criminal Procedure, or that he has exceeded the powers thereby granted. (Cf. *Matter of Murphy* v. *Supreme Court*, 294 N. Y. 440, 445.) Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

CENTURY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v. HOMER SULLIVAN, Appellant, et al., Defendants.— In an action to foreclose several mortgages, the appellant's answer sets forth defenses to the effect that the parties entered into a joint venture for the improvement of vacant land, and that the mortgages were not intended to create any indebtedness between the parties. Respondent is a banking institution. On respondent's motion, under rule 109 of the Rules of Civil Practice, the defenses were struck as insufficient on grounds that the agreement is *ultra vires* the respondent institution and void as contrary to public policy. Order modified on the law by adding a provision that the defendant may set up such counterclaim as he may be advised for the alleged breach of the alleged contract for a joint venture, and as so modified, the order is affirmed, with $10 costs and disbursements, payable to respondent. Such counterclaim may be served within ten days from the entry of an order hereon. The agreement, that the mortgages were not intended to create any indebtedness between the parties, is void as contrary to public policy, and insufficient to constitute defenses to the demand for foreclosure and sale. (*Rothschild* v. *Manufacturers Trust Co.*, 279 N. Y. 355; *Mount Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192.) As a matter of pleading, it does not appear that the agreement to improve the land as a joint venture, is *ultra vires* respondent. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.