BENJAMIN LEVINE, Appellant, et al., Plaintiff, *v.* MORTON M. GOLDBERG, Respondent.

First Department, November 13, 1956.

*Irving A. Thau* of counsel (*Benjamin Levine,* appellant in person, attorney), for appellant.

*Morton M. Goldberg,* respondent in person.

*Per Curiam.* This is an action for an accounting. The litigants are lawyers who jointly entered into a lease for office space with the owner of the building. Plaintiff testified, in substantiation of his amended complaint, which alleged that the parties entered into " an oral joint venture agreement ", that the arrangement included sharing the expense of a stenographer, the maintenance of a library, the cost of legal publications, such as the *New York Law Journal,* and other expenses incidental to the operation of a law office. Defendant denied any agreement for a joint venture and denied any arrangement with respect to the payment of a stenographer. He admitted, how-

ever, sharing the expense of some typewriter repairs and the cost of the *Law Journal*. The Referee found that there was no joint venture although he did find " The arrangement made was similar to those frequently made by attorneys in hiring an office  \*  \*  \*  and agreeing to share the office expenses of a stenographer, telephone, and other incidentals ". Apparently the learned Referee reached his determination that there was no joint venture because there was no " pooling of clientage."

A joint venture may exist for a limited purpose and does not necessarily include all of the business or professional activities of the individuals who participate in such a venture (*Mariani* v. *Summers,* 3 Misc 2d 534, affd. 269 App. Div. 840).

From the record, we find that the parties did enter into a joint venture but we cannot determine its scope and extent. The judgment therefore should be reversed with one-half costs and disbursements to appellant, and the matter is remitted to the Official Referee to determine (1) the scope and termination of the joint venture and, based upon such finding, to determine whether or not an accounting be required, and (2) if an accounting is required, to determine the amount due. Settle order.

BREITEL, J. P., BOTEIN, RABIN, FRANK and VALENTE, JJ., concur.

Judgment unanimously reversed, with one-half costs and disbursements to the appellant and the matter remitted to the Official Referee to determine (1) the scope and termination of the joint venture and, based upon such finding, to determine whether or not an accounting be required, and (2) if an accounting is required, to determine the amount due. Settle order on notice.