■ LONG ISLAND TRUST COMPANY, Respondent, v. INTERNATIONAL INSTITUTE FOR PACKAGING EDUCATION, LTD., et al., Defendants, and MARTY ROCHMAN et al., Appellants.— In an action on a promissory note, defendants Rochman and Horowitz appeal from an order-judgment of the Supreme Court, Nassau County, entered May 9, 1973, which, *inter alia*, granted plaintiff summary judgment against said defendants and another defendant for the amount of the note. Order-judgment affirmed, with $20 costs and disbursements. No opinion. Hopkins, Acting P. J., Martuscello and Latham, JJ., concur; Shapiro and Christ, JJ., dissent and vote to reverse the order and deny the motion for summary judgment, with the following memorandum: On March 4, 1970 the plaintiff bank loaned to defendant International Institute for Packaging Education, Ltd., $25,000 for a period of 90 days. The loan was evidenced by a promissory note endorsed by Raymond D'Onofrio, appellants Rochman and Horowitz and defendants Feeney and Goldberg. At the time of the making of the loan Rochman discussed with George Dean, an officer of plaintiff, the conditions upon which he would be able to procure the indorsements of himself and Horowitz. It was agreed that the note was to be indorsed by the five above-mentioned persons and that any renewal of the note would also require the indorsement of the same five persons. On June 2, 1970 plaintiff agreed to renew the loan for another 30 days and to increase the loan by $10,000. Rochman delivered a new $35,000 note, containing the indorsement of himself and Horowitz, to William Lambui, an officer of plaintiff, and told him " to make sure that all the endorsements were on the note ". Although the note was eventually indorsed by Feeney and Goldberg, D'Onofrio did not indorse it. Plaintiff proceeded to advance the additional $10,000 to International Institute for Packaging Education, Ltd., and extend the loan for 30 days. When the loan was not repaid this action followed. Appellants argue that, in view of the condition upon which the original note was delivered, they assumed that the bank would also get the same five indorsements for the second note, especially since Rochman had told bank officer Lambui "to make sure that all the endorsements were on the. Note ". We believe that Special Term erred in granting summary judgment to plaintiff. The court gave two reasons for its decision. The first was that the statement made to Lambui by Rochman provided insufficient notice that the five indorsers of the earlier note had to be the indorsers of the later note. However, while the court held that Lambui could not have been expected to understand what Rochman meant by his comment to him " to make sure all the endorsements were on the Note ", this still leaves unanswered whether Lambui, in fact, understood what Rochman meant by his remark. It is possible that Lambui understood what Rochman was telling him

but later forgot to get all the required indorsements. Moreover, it is possible that bank officer Dean, with whom Rochman had previously agreed that the five indorsers of the earlier note would have to indorse any renewal note, may have made Lambui aware of this requirement. Clearly, a trial must be held so that these and any other relevant questions can be answered. We also believe that Special Term was incorrect in holding as an alternate ground for granting summary judgment that as a matter of public policy the defendants were estopped from raising as a defense that it had been agreed that the second note would be indorsed by the same five persons who indorsed the original note. Special Term's reliance on *Mount Vernon Trust Co.* v. *Bergoff* (272 N. Y. 192) appears to be misplaced. In *Mount Vernon Trust Co.* the defendant's mother was indebted to the plaintiff bank. With respect to the debt, the defendant agreed to deliver her own promissory note to the bank, receiving in return a letter from the president of the bank releasing her from liability and agreeing to look only to the securities assigned by her for the amount involved. An action was brought on the note and was defended on the ground of failure of consideration. A judgment in favor of the defendant upon a directed verdict was affirmed by this court, but the Court of Appeals reversed and directed judgment for plaintiff, stating in part (p. 196) : " A fictitious note delivered to a bank, intended to become part of its apparent assets, though not intended to be enforceable, is in itself a continuing falsehood calculated to deceive the public, and any person delivering such a note becomes a party to the falsehood. In such case it is immaterial whether the note was based on good consideration or not. The stability of banks is a matter of such public concern that the State or Federal government regulates the affairs of each bank and periodically examines its apparent condition. The State cannot sanction any device intended to give a false appearance to a transaction or increase the apparent stability of a bank. The defendant may not have intended to deceive any person, but when she executed and delivered to the plaintiff bank an instrument in the form of a note, she was chargeable with knowledge that, for the accommodation of the bank, she was aiding the bank to conceal the actual transaction. Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced." The *Mount Vernon Trust Co.* case, as did the numerous cases that have relied on the holding in that case, involved instances where the defendant knew that, although the instrument in question was intended to become part of the bank's records, it in fact did not represent an actual obligation. The defendants there were charged with knowledge that they were aiding the bank in question in concealing the actual transaction (*President & Directors of Manhattan Co.* v. *Cocheo,* 256 App. Div. 560; *Tarrytown Nat. Bank & Trust Co.* v. *McMahon,* 250 App. Div. 739; *Century Fed. Sav. & Loan Assn.* v. *Sullivan,* 281 App. Div. 830; see, also, *Hoagland, Allum & Co.* v. *Allan-Norman Holding Corp.,* 228 App. Div. 133). In the instant case, appellants claim that there was a conditional delivery, it being their intention that the second note would not be used and become part of the bank's records unless the three other required indorsements could be obtained, in which case it would become a valid instrument. It is significant that there is no indication in the record of any collusion between appellants and plaintiff. Under the facts of the instant case there is no reason why appellants should be barred by public policy from claiming that there was a conditional delivery of the second note.