OPINION OF THE COURT
Andrew R. Tyler, J.
Defendant’s motion seeking to dismiss the amended complaint for failure to state a cause of action, and for alternative relief, was treated by the court as a motion for summary judgment pursuant to CPLR 3211 (subd [c]). The parties were directed to serve and file evidentiary matter in support of the said motion and upon such submission this court finds:
On or about January 1,1968 plaintiff joined the law firm of Gerald Schoenfeld & Bernard B. Jacobs as an associate employee. Plaintiff became an employee of the partnership pursuant to an oral agreement between plaintiff and defendants, Gerald Schoenfeld and Bernard B. Jacobs, with the understanding that after one year of employment plaintiff would become a partner of the partnership if Messrs. Schoenfeld and Jacobs deemed plaintiff’s work to be competent.
*1023 Subsequently, a one-year written agreement was entered into on December 17, 1968 by plaintiff with Schoenfeld, Jacobs and Marie S. Sawicki, whereby Schoenfeld, Jacobs and Marie S. Sawicki and plaintiff formed a partnership to practice law under the name of Gerald Schoenfeld & Bernard B. Jacobs (the partnership), commencing on January 1, 1969. Paragraph 9(a) of this agreement provided: “Missan shall receive as his share of the partnership profits the sum of Twenty-five thousand ($25,000) dollars plus one (1%) of the gross business of the partnership.”
This agreement provided (paragraph No. 11) that unless the agreement was extended by an agreement in writing beyond December 31, 1969, it would terminate in all respects on such date.
It was not extended in writing and terminated on December 31, 1969. Plaintiff claims that he and defendants thereafter continued in partnership pursuant to an oral agreement entered into among Schoenfeld, Jacobs, Sawicki and plaintiff, renewed each year thereafter until dissolution of the partnership on December 31, 1978, and has commenced this action against Schoenfeld, Jacobs and Sawicki alleging seven causes of action including an accounting against the various defendants.
Plaintiff premises his right to this accounting with respect to the first four causes of action by reason of his status as a partner during this period of time (Partnership Law, §§ 43, 44, 74), alleging that the defendants and the partnership received, without his knowledge or consent, a substantial fee payable to the partnership for legalservices rendered on behalf of the estate of Jacob J. Shubert, and that defendants received additional payments as “salaries” from the Shubert Organization and its predecessors, all of which should have been included as partnership income, but were not.
In support of his claims, plaintiff has annexed as exhibits thereto, documentary evidence confirming the formation of the partnership on January 1, 1969, and its continued existence through December 31,1978, the date of its dissolution; copies of the partnership’s income tax returns admitted by the defendants to have been filed by the partnership with Internal Revenue Service; Martindale-Hubbell *1024 legal directory listings; opinions of counsel signed by plaintiff as a member of the partnership; affidavits of former clients; and listed on the letterhead as a partner and held out as such by the firm.
Subdivision 1 of section 10 of the Partnership Law defines a partnership as follows: “A partnership is an association of two or more persons to carry on as co-owners a business for profit.” The rights and duties of a partnership arise from and are fixed by their agreement and such agreements may in fact be oral and implied from the conduct of the parties (Corr v Hoffman, 256 NY 254; Martin v Peyton, 246 NY 213). One of the indispensable elements in determining whether a partnership has been established in a particular case is an undertaking by the individual claiming to be a partner, to assume the losses and to share the profits of the enterprise, and the court must look to the conduct and admissions of the parties confirming such actions.
This court determines that the December 17,1968 agreement was indeed a partnership agreement expressing the parties’ consent to form a partnership on January 1, 1969. Paragraph No. “1” specifically provided that plaintiff and the defendants agreed to “engage in the practice of law as partners,” and that plaintiff would receive “his share of the partnership profits”. (Emphasis supplied.)
Moreover, the intention of the plaintiff and the defendants to continue in the law partnership is fully corroborated in that plaintiff received a share of the profits of the partnership in each of the years of the partnership, as evidenced by plaintiff’s personal tax returns and the partnership tax returns filed by the defendants for the years 1970 through 1978. The plaintiff stated: “My share of profits for the years 1970 through 1978 was determined as follows: In each of such years I received a partnership draw which in the later years was at the rate of approximately $3,000 per month. The draw in the early years of the partnership was somewhat less ***. Supplementing the monthly draw which I received in 1970 through 1978, my additional share of profits in each of such years was determined by negotiations between myself and my former partners. For example, my partnership draw in 1978 was *1025 approximately $38,000 and I received additional distributions of profits aggregating approximately $8,000 at several times during the year.”
Plaintiff has claimed that it will be necessary for him to have full discovery of the partnership books in order to determine the exact amounts and dates of partnership distribution.
During this period of time the partnership ceased to withhold income and Social Security taxes. This compares to the period when these same taxes were withheld and plaintiff was an acknowledged employee (1968). The receipt of such profits by plaintiff is prima facie evidence of the partnership’s existence (Partnership Law, § 11, subd 4; Martin v Peyton, supra). In holding plaintiff out to the public as a partner and based on the continuous filing of partnership tax returns for the period 1970 through 1978, plaintiff also became liable for partnership losses absent an agreement to the contrary (which has not been demonstrated to exist in this case) (Partnership Law, § 40, subd 1). Defendants contend that plaintiff’s failure to make a capital contribution greatly affects his partnership status. That is not true as stated in Matter of Rosenberg (251 NY 115, 124). “It is not necessary to the constitution of a general partnership that the partners should be proportionate joint owners of its assets. The capital may vest and remain in one or more of the partners who have furnished it.”
Accordingly, this court determines that the plaintiff has met his burden of establishing a partnership relationship and therefore an accounting of this law practice is decreed. However, the exact financial status of each of the partners, their rights to a percentage of the partnership profits, fees and other assets have not been established and remain issues in the case as well as those concerning plaintiff’s knowledge of and waiver and/or consent not. to share or participate in the Shubert case and the fees resulting therefrom. Those issues must be tried.
Plaintiff’s fifth cause of action alleges that Schoenfeld and Jacobs promised and agreed that Missan would succeed to the partnership business and clients upon their *1026 retirement; that they both failed to use their best efforts to this end and in fact encouraged their clients to engage other counsel when the firm was dissolved in December, 1978. This cause of action must be dismissed. While it is true that a fiduciary relationship exists between partners with each owing the other the highest degree of fidelity, loyalty and fairness in their mutual dealings, they cannot and do not control the clients involved, who may at any time discharge their counsel. The plaintiff did not have a property right to any of these clients and may not seek legal redress because the clients voluntarily chose new counsel after the partnership dissolution. The plaintiff has failed to submit any evidence in support of this claim and the evidence submitted by the defendant demonstrates that plaintiff did retain many clients and at least one client, Arleen, Inc., felt that plaintiff was not equipped to handle their business.
The sixth and seventh causes of action alleging fraud and misrepresentation with respect to the Shubert estate fees raise issues of fact with respect to partners’ obligations to “hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property” (Partnership Law, § 43, subd 1).
Settle an appropriate order in accordance herewith.