■ DONALD CHIPMAN, Respondent, v DONALD STEINBERG, Defendant, and JEROME J. GARFIELD, Appellant. — Order entered August 11, 1983, Supreme Court, New York County (Andrew Tyler, J.), granting plaintiff an interlocutory judgment for an accounting, referring the matter to a referee and dismissing defendant Garfield's counterclaims, is unanimously modified, on the law, to the extent of dismissing the complaint, and the order is otherwise affirmed, without costs. Appeal from an order entered January 20, 1984 in the same court, which denied defendant's motion for reconsideration because of newly discovered evidence, is dismissed as moot, without costs.

Plaintiff alleges that he and defendants entered into a joint venture in the form of a partnership, but that defendants diverted and converted partnership assets to their own use. His demand for judgment seeks, *inter alia,* a declaration of his rights in "the joint venture and enterprise" and an accounting. Defendant Garfield counterclaimed for an accounting of plaintiff's business activities and repayment of an alleged loan of $15,000.[*]

At trial plaintiff showed that the parties set up the Fleet Exchange Company in early 1973 for the purpose of brokering taxicab medallions, with plaintiff to provide the industry contacts and defendants Steinberg and Garfield to provide the legal work and day-to-day operations management, respectively. On February 4, 1974, the three memorialized this arrangement with a handwritten, dated "confirmation" stating, in pertinent part, that "(1) The three shall be equal partners. (2) The partners shall share in net profits over and above the salaries drawn by Garfield and Steinberg".

After the signatures of the three, there appears the following: "It is additionally agreed that Donald Chipman will not be responsible for any partnership losses and will not be liable for any cash deficit."

This coda is signed by the two defendants only.

As proven at trial and found by the court, defendants ran this business and in late 1974, they set up the Fleet Exchange Co., Inc., transferring all of the assets of Fleet Exchange Company into the corporation of which they were sole stockholders. From here, defendants set up a variety of other corporate entities for various related purposes such as mortgage financing, insurance, resale and repossession of cabs, etc. *All* of these corporations were formed without plaintiff's knowledge, defendants were the only stockholders and no profits were shared with plaintiff.

---

[*] Defendant Steinberg has settled out of this lawsuit.

Defendants transferred funds between the many corporations without regard for the corporate veil, withdrawing funds for such purposes as paying personal income tax, alimony, rent on personal apartments and mortgages on homes, personal automobile purchases and even salaries for family members who, in fact, did no work. In addition, large sums were spent on entertainment and travel. All that plaintiff received from his association with defendants was the use of a leased car, which lease was subsequently canceled.

The court found these innumerable improprieties to constitute breach of both defendants' contractual and fiduciary duties to plaintiff and directed an accounting before a referee for the purpose of assessing damages. We are constrained to, in part, disagree.

It is an accepted principle of long standing that profits which are wrongfully diverted from a joint adventure are subject to the imposition of a constructive trust, and a faithless fiduciary must account to his associates in the enterprise. (*Mariani v Summers,* 3 Misc 2d 534, affd 269 App Div 840; 32 NY Jur, Joint Adventures, §§ 17, 18.) Unfortunately, plaintiff has failed to prove the existence of a joint venture (or partnership), at least in the strict sense of showing defendants had a fiduciary duty to him.

Defendant directs us to the proviso in the 1974 agreement whereby defendants excluded plaintiff from responsibility for the losses or any cash deficit. As the Court of Appeals has taught, this can be an important indicator: "An indispensable essential of a contract of partnership or joint venture, both under common law and statutory law, is a mutual promise or undertaking of the parties to share in the profits of the business *and submit to the burden of making good the losses. (Reynolds v Searle,* 186 App. Div. 202, 203.) An agreement to distribute the proceeds of an enterprise upon a percentage basis does not give rise to a joint venture if the enterprise does not represent a joinder of property, skills and risks (*Gordon Co. v Garcia Sugars Corp.,* 241 App. Div. 155)." (*Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317; emphasis in original.) The sharing of losses is not always and exclusively such an indicium of partnership or joint adventure, however (*Hasday v Barocas,* 10 Misc 2d 22, 27; *Usdan v Rosenblatt,* 93 NYS2d 862; 32 NY Jur, Joint Adventures, § 11), and where, as here, that proviso has been attached by the excluding partners without the signed acknowledgment of plaintiff, a court may certainly read in the loss-sharing element. (Cf. *Fullam v Peterson,* 21 NYS2d 797; see, also, *Missan v Schoenfeld,* 111 Misc 2d 1022; *Century Fed. Sav. & Loan Assn. v Sullivan,* 116 NYS2d 323, mod on other grounds 281 App Div 830.) Indeed, at first blush it would appear that plaintiff's

agreement with defendants established his role as that of a limited partner. (See, generally, *Lichtyger v Franchard Corp.*, 18 NY2d 528.)

Our inability to accept this view lies not with the terms of the handwritten agreement, but with the evidence of plaintiff's contribution to the business enterprise. It has been said that a limited partner may make his contribution in "cash or other property, but not services." (16 NY Jur 2d, Business Relationships, § 1544, citing Partnership Law, § 93.) Ostensibly plaintiff was to have contributed "business contacts", yet at trial he could not recall one individual or opportunity he had provided. So far as we can determine, he contributed nothing. While the trend away from strict definitional requirements has allowed the implication of a fiduciary duty in "those informal relations which exist whenever one man trusts in, and relies upon, another" (*Penato v George*, 52 AD2d 939, 942), there must still be something — property, cash, even services — which has been given over and employed by another before that other can be liable as a fiduciary. A promise is not enough. Thus, while plaintiff may have some action upon his contract, he has no right to the equitable relief of accounting, and the complaint must be dismissed. Concur — Murphy, P. J., Kupferman, Ross, Carro and Lynch, JJ.