OPINION OF THE COURT
Wilmer J. Patlow, J.
This action seeks cancellation of a contract for the sale of residential real property located in downtown Rochester, New York. Plaintiff alleges a variety of defects in title and in construction of the townhouse built by defendant for plaintiff on the property in question. In addition to cancellation of the contract, plaintiff seeks the return of his $16,000 deposit.
Defendant, in opposition, requests specific enforcement of the same agreement.
Plaintiff now moves for summary judgment based on only one of the many issues raised in his pleadings, namely, the effect of an alleged violation by defendant of General Business Law § 130. This section requires persons conducting business under an assumed name or as partners to file a certificate in the county wherein the business is conducted, setting forth the assumed name and other relevant information.
Defendant New Grovetown Associates identified itself in the *223 sales contract and in the proposed deed as a New York State partnership. However, the document by which New Grove-town Associates was created is entitled "Joint Venture Agreement” and defendant is consistently referred to as a joint venture throughout. Additionally, defendant’s attorney caused to be prepared a "Business Certificate for Joint Venture” which was filed in the Monroe County Clerk’s office on or about October 9, 1984.
The basis for this motion is that at the time of the closing on July 31, 1984, at which time was of the essence, no such filing had been made, and consequently defendant had no authority to execute the deed.
It is defendant’s basic position that any failure to file does not render the partnership’s contracts null or void and that the deed tendered at the closing was entirely proper and authorized.
Furthermore, defendant maintains that the "Business Certificate for Joint Venture”, which was executed on July 31, 1984 and would have been filed that day but for plaintiffs refusal to close, satisfies the filing requirements of General Business Law § 130.
Plaintiff counters with the argument that the certificate was defective in certain respects, specifically in that it did not contain all the necessary signatures, and further in that one particular signatory may have already withdrawn from her capacity at the time the certificate was executed.
In addition to the legal argument concerning the effect of General Business Law § 130, plaintiff also makes an equitable argument that the contract should be rescinded due to the misrepresentations of defendant which resulted in considerable confusion as to its legal status and identity, which confusion could have been alleviated by the timely filing of an appropriate certificate. Although the "Business Certificate for Joint Venture” apparently was available for plaintiff’s inspection at the attempted closing, there is a sharp disagreement between the parties as to whether the "Joint Venture Agreement” was also provided to plaintiff at or before that time to clarify the defendant’s legal standing.
Plaintiffs underlying concern, apparently, was assuring himself that the defendant builder/seller was a financially secure entity which could withstand liability after the transfer of title.
More particularly, plaintiff points out that defendant’s pro *224 motional literature advised prospective buyers that New Grovetown Associates was a joint venture consisting of three parties, one of which was listed as "Schmier/Butler Properties, a national real estate development firm”. In fact, defendant New Grovetown Associates consists of the following three entities: (1) New Grovetown, a New York partnership of concerned local residents; (2) R. L. Grovetown, Inc., a New York corporation which is a subsidiary of a subsidiary of the Rochester Savings Bank; and (3) Grovetown Developers, Inc., another New York corporation, of which Mr. James Butler is president.
Plaintiff characterizes the two New York corporations as "minimal” in that each has only one incorporator and 200 shares of no par stock. Plaintiff also contends, upon information and belief, that Mr. Butler is no longer connected with the downtown development project involved here.
Defendant explains that Grovetown Developers, Inc., is a corporation formed by Schmier/Butler Properties specifically for the New Grovetown development, their normal operation being to maintain one basic partnership and create a separate corporation or partnership for each development project.
In addition to plaintiffs concern about the role of Schmier/ Butler Properties, plaintiff is also troubled by the possibility that the defendant New Grovetown Associates is not in fact a partnership as stated in the deed and sales contract, but rather is in the nature of a joint venture. According to plaintiff, such difference is significant because venturers, as opposed to partners, need not necessarily share in losses, may not be fully liable for each other’s commitments and are not necessarily bound by provisions in the Partnership Law.
According to plaintiff, the inconsistency between the deed identifying defendant as a partnership and the "Business Certificate for Joint Venture” in and of itself renders the deed inadequate.
It is defendant’s position that the title of the agreement and the certificate are matters of form only, and that the agreement in fact contains all the indicia and elements of a partnership, namely, the sharing of profits and losses, joint liability, joint management with Grovetown Developers, Inc., designated as managing partner having authority to bind the other two, property being held by them all as partners, a community of interest and an intention to be bound as partners. In any event, according to defendant, the difference *225 between a partnership and joint venture is insignificant because the same rules of law would apply to either.
Finally, defendant indicates that to the extent plaintiff is worried about binding all of the constituents of New Grove-town Associates to the deed, defendant always has been and still is willing to provide a deed executed by all three of the New Grovetown Associates partners.
Plaintiff raises one last argument which the court will mention here. Now that he clearly has had the opportunity to review New Grovetown Associates’ "Joint Venture Agreement”, plaintiff contends that it itself was improperly executed in that it was signed by only one, but not all of the partners of New Grovetown (the neighborhood partnership) and that this signature was illegible.
After due deliberation, the court makes the following findings.
At the outset, the court determines that defendant New Grovetown Associates is a joint venture rather than a partnership. "A joint venture * * * has been defined as a special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation (32 NY Jur, Joint Adventure, § 1). The incidents of a joint adventure and the obligations of the members toward each other are in many respects so similar to those existing in a partnership that joint adventurers’ rights, duties, and liabilities are to be tested by rules closely analogous to and generally substantially the same as those which govern partnerships. It has been said that a joint venture is a limited partnership — not limited in a statutory sense as to liability, but as to scope and duration and thus one distinction between [the] two forms of association is that a joint venture relates to a single transaction (though it may be considered a business to be continued over several years), while a partnership relates to a general business of a particular kind (32 NY Jur, Joint Adventure, § 3)” (Hanlon v Melfi, 102 Misc 2d 170, 173; emphasis added; see also, 16 NY Jur 2d, Business Relationships, §§ 1576, 1578).
Therefore, "[a] joint venture may exist for a limited purpose and does not necessarily include all of the business or professional activities of the individuals who participate in such a venture” (Levine v Goldberg, 2 AD2d 409, 410, citing Mariani v Summers, 3 Misc 2d 534, affd 269 App Div 840).
In "Defendant’s Brief in Opposition to Plaintiff’s Motion For *226 Summary Judgment”, defendant’s attorney himself characterizes defendant as "a partnership for the limited purpose of developing certain real property in the City of Rochester”. Upon examination of the "Joint Venture Agreement”, the court agrees that this description accurately fits defendant, and finds as a result that defendant falls squarely within the definition of joint venture set forth by the above-cited authorities, namely, a partnership limited in the sense that it relates to a single transaction, which admittedly may continue over several years, rather than to an ongoing generalized business.
During the course of plaintiffs attorney’s argument he has taken the position that General Business Law § 130 does not apply to joint ventures, and with this the court is in agreement.
By its own terms, General Business Law § 130 excludes joint ventures by defining "person” to mean "individual, partnership, corporation, and unincorporated association” (§ 130 [1-a] [a]). The filing requirement is made applicable only to "person^]”, as so defined, by virtue of General Business Law § 130 (1).
Having made this determination, the issues surrounding the adequacy and effect of the filing of defendant’s "Business Certificate for Joint Venture” on October 9, 1984 are rendered moot.
The legal issue raised by plaintiff in connection with General Business Law § 130 having been resolved, the court will now consider his equitable argument that the confusion surrounding the identity and status of defendant are such as to render defendant’s deed invalid and justify rescission of the sales contract.
The court considers plaintiffs arguments in this category to be essentially as follows: the fact that the deed refers to defendant as a partnership instead of a joint venture; plaintiffs concern that defendant, as a joint venture, will not be fully answerable for claims against it and plaintiff will not be afforded other protections; the fact that Schmier/Butler Properties is itself not a party to the venture as was represented in the promotional literature; and plaintiffs objections with respect to the signing of the "Joint Venture Agreement”.
The court concludes that the equitable arguments raised by plaintiff, alone or together, are not sufficient to justify the award of equitable relief sought herein.
In reaching this conclusion, the court considered the great *227 est concern to be plaintiffs assertion that his rights would be impaired by virtue of defendant’s status as a joint venture rather than a partnership.
It has been said, however, that "[t]he legal consequences of a joint venture are almost identical with that of a partnership [citations omitted]” (Pedersen v Manitowoc Co., 25 NY2d 412, 419).
Although this may not invariably be the case, here the "Joint Venture Agreement” does in fact create an arrangement which is identical to a partnership with the single exception that its purpose is limited in scope to the development of the New Grovetown project. Given the nature of defendant’s organization, the court has no doubt that the substantive rules of law applicable to a partnership would be equally applicable to defendant. Indeed, defendant’s representations to this court as to its essential character as a partnership would in all likelihood form the basis for an estoppel, should the issue arise in the future.
The other equitable arguments raised by plaintiff have also been considered by the court and found to be unpersuasive.
In accordance with the above, plaintiff’s motion is hereby denied in its entirety.