■ RICHARD SCHNEIDMAN et al., Respondents, v STANLEY TOLLMAN et al., Appellants.—Amended order, Supreme Court, New York County (David Saxe, J.), entered April 29, 1992, which, *inter alia,* imposed a constructive trust in favor of the plaintiffs as against all of the defendants with respect to the so-called California/Nevada rights, unanimously affirmed, with costs.

The IAS Court properly awarded plaintiffs partial summary judgment on their first cause of action for breach of fiduciary duties and misappropriation and diversion of partnership rights, interests and opportunities, and on their fourth cause of action for unjust enrichment and imposition of a constructive trust to the extent that it related to the California/Nevada rights. The unequivocal language of the parties' binding partnership agreement and certificate of limited partnership was a complete expression of their intention to form a limited partnership "for the purpose of owning and managing certain real property and the improvements thereon consisting of Days Inn Motels located in California and Nevada" *(see, Silverman v Caplin,* 150 AD2d 673, 674). The Tollman-Hundley defendants and the Martin defendants breached their fiduciary duties to plaintiffs by transferring the partnership's purchase rights in the California/Nevada properties, without consideration, to another partnership entity that they formed for that purpose and from which plaintiffs alone were excluded. Plaintiffs' limited partnership equity interests in the California/Nevada rights were thereby extinguished, making the imposition of a constructive trust and an accounting for profits appropriate remedies to prevent defendants' unjust enrichment and to preserve plaintiffs' interest in the California/Nevada property *(see, Simonds v Simonds,* 45 NY2d 233, 242). Defendant's reliance on *Chipman v Steinberg* (106 AD2d 343, *affd* 65 NY2d 842) in arguing that plaintiffs never obtained limited partnership interests in the absence of a contribution of value, is misplaced, since plaintiffs here received an equity interest in the partnership upon execution of the partnership agreement and certificate of limited partnership, which specifically provided for a capital contribution in a specific amount, limited partnership interests for plaintiffs in specified percentages and the sharing of profits and losses to the extent provided for by statute, all in recognition of their ability to draw other investors' capital into the partnership from their accounting firm's clientele and to provide advice on financing, acquisitions, management and other business matters *(see, Chipman v Steinberg, supra,* at 345).

In any event, defendants are estopped from denying the validity of the limited partnership agreement where their conduct, including the execution of the agreement of limited partnership, the certificate of limited partnership and the indemnification agreement with Days Inn, explicitly recognized plaintiffs' limited partnership status *(Koeppel v Schroder,* 122 AD2d 780).

We have reviewed defendants' remaining claims and find them to be without merit. Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Kupferman, JJ.