■ ARTHUR GERWIN, Appellant, v ROBERT J. RANDELL et al., Respondents. [611 NYS2d 552] —Order, Supreme Court, New York County (Andrew Ryan, Jr., J.), entered on or about September 17, 1992, which denied plaintiff's post-trial motion seeking to set aside the court's earlier decision, dated October 29, 1991, which dismissed the complaint, granted defendant's cross-motion for counsel fees, and imposed sanctions, and judgment of said court and Justice, entered on or about September 17, 1992, which, *inter alia,* dismissed the complaint, modified to strike the awards of counsel fees and sanctions, and otherwise affirmed, without costs.

As there was no evidence of, *inter alia,* " 'a mutual promise or undertaking of the parties to share in the profits of the business *and submit to the burden of making good the losses,'* " a joint venture did not exist between the parties *(Chipman v Steinberg,* 106 AD2d 343, 344, *affd* 65 NY2d 842).

While, unlike our concurring colleague, we find the plaintiff's complaint and post-trial motion frivolous and without merit, we nonetheless modify to strike the award of counsel fees and sanctions. Although the plaintiff's action for an accounting, including the appointment of a receiver, the sequestration of assets, and related relief, was palpably without merit, the fees and sanctions at issue were not awarded with

reference to the institution of the action, any pre-trial proceedings, or the trial itself. They were awarded solely in reference to a post-trial motion. In the circumstances we find that award to have been inappropriate. Concur—Rosenberger, J. P., Nardelli and Williams, JJ.

Wallach, J., concurs in a memo as follows: Since most cases dealing with the imposition of sanctions and attorney's fees merely cite to the Rules of the Chief Administrator (22 NYCRR 130-1.1) without discussion as to the range of nisi prius discretion *(see, e.g., Pahl Equip. Corp. v Kassis,* 182 AD2d 22, 32, *lv denied* 80 NY2d 1005, *rearg denied* 81 NY2d 782), some comment on our decision to vacate the penalty of $4,900 counsel fees and the $1,000 sanction imposed here would seem to be in order.

There was no suggestion by the trial court that the original action was frivolous, an understandable conclusion in light of this Court's decision in *Levine v Goldberg* (2 AD2d 409, *lv denied* 2 AD2d 967), which gave colorable support to plaintiff's position. It is worth noting that a preliminary injunction sought by plaintiff was issued in this case, indicating, at least to some extent, that there was a probability of his success. The penalty was levied solely in connection with the post-trial motion brought by plaintiff pursuant to CPLR 4404.

These motion papers, both moving and reply, were both temperate and brief. The motion itself was triggered by an error of the trial court itself in referring, in its initial decision, to the occupancy agreement between the parties as a "sublease." While it is true that plaintiff presented a rather tenuous argument based on this apparently inadvertent reference (perceived by him as a "finding"), his argument does not appear to cross the shadow-line separating a legal argument wholly lacking in legal merit from a frivolous or dilatory contention warranting monetary sanction.

As a basis for imposing its sanction, the trial court concluded that the motion was made "for the purpose of delaying entry of judgment." Curiously, the court's decision on the so-called frivolous motion was itself delayed, after submission, for about eight months. One would suppose that a truly frivolous motion could be disposed of in far shorter time. In any event, the court's own inaction was the dominant factor in any delay. Furthermore, it should be noted that plaintiff, whose action was dismissed, obtained no advantage from delay, as would a defendant judgment debtor seeking to im-

pede the collection of a judgment. Delay of this kind would impact adversely only upon plaintiff, if at all, in the pursuit of his appellate remedy.

A further inequity to the penalty issued by the court is that plaintiff here was pursuing this action not only for his own benefit, but also in a representative capacity on behalf of his fellow occupant-licensees, one of whom made the lead affidavit in connection with the CPLR 4404 motion. The fact that they escape scot-free of the court's displeasure, while plaintiff alone is saddled with the burden, provides an additional reason for remission, although this factor may simply be the case of a general getting out too far ahead of his troops.

Concededly, plaintiff's post-trial argument was a forlorn hope; but hope, however forlorn, is not to be despised. America's premier bard of the ball park, Ernest Lawrence Thayer, spoke kindly of "that hope which springs eternal in the human breast." And it should be recalled that Dante, Tuscany's far greater laureate of the terza rima, descried the grim warning, "Abandon hope, all ye who enter here", not below the architrave of a courthouse, but above the gates of hell.