■ MICHAEL P. BELL, Appellant, v JEFFREY M. BROWN et al., Respondents. (And a Third-Party Action.) [784 NYS2d 539]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 12, 2003, which dismissed the complaint after a nonjury trial, unanimously affirmed, with costs.

Plaintiff sought recovery for breach of an alleged joint venture agreement or, in the alternative under various equitable theories, to obtain the rights to develop a property for nonparty Federal Express. The agreement at issue did not provide for an immediate joint venture, but conditioned its formation on the parties mutually and successfully working to obtain the rights to handle the project for Federal Express. It was effectively conceded that plaintiff did no such work, and that all the work was done and expense borne by defendants. As such, it was defendants, rather than "the parties," who succeeded in obtaining the rights to develop the property.

The sole consideration purportedly offered by plaintiff, and the basis for his equitable claims, was the use of his alleged "high level" contacts at Federal Express, which he argues was essential to make the deal happen for defendants. In fact, these "contacts" consisted of the name of the person to whom plaintiff was directed when he made a single "cold" call to Federal Express. As such, there was neither consideration for nor performance of the alleged agreement, nor did plaintiff contribute anything of value to justify any recovery (see *Chipman v Steinberg*, 106 AD2d 343 [1984], *affd* 65 NY2d 842 [1985]). Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.