■ NORTHERN STAMPING, INC., Appellant-Respondent, v MONOMOY CAPITAL PARTNERS, L.P., et al., Respondents-Appellants. [967 NYS2d 326]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered June 6, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action for breach of fiduciary duty, tortious interference with economic advantage, and negligent misrepresentation, and denied the motion as to the cause of action for fraud/fraudulent inducement, unanimously modified, on the law, to grant the motion as to the cause of action for fraud/fraudulent inducement, and otherwise affirmed, without costs.

Contrary to plaintiff's contention, the breach of fiduciary duty cause of action is unsupported by any facts from which the formation of a joint venture or partnership could be inferred (*see Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317 [1958]). Moreover, it is duplicative of the breach of contract cause of action (*see Nineteen Eighty-Nine, LLC v Icahn*, 96 AD3d 603, 604 [1st Dept 2012]).

Apart from the allegations of breach of fiduciary duty, which fail to state a cause of action, the tortious interference cause of action is unsupported by any facts that would establish an independent tort (*see Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47 [1st Dept 2009], *lv dismissed in part, denied in part* 14 NY3d 736 [2010]). The negligent misrepresentation cause of action also relied on an alleged fiduciary or confidential relationship (*see MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287, 296 [1st Dept 2011]).

The complaint fails to allege factual details that would establish specific damages resulting from defendants' alleged misrepresentations and thus, the fraud cause of action should be dismissed (*see id.*).

We have considered plaintiff's remaining arguments, and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Richter and Clark, JJ.