Kiehl v Cavicchio (2025 NY Slip Op 03252)

Kiehl v Cavicchio

2025 NY Slip Op 03252

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 656114/20|Appeal No. 4468 M-2263 M-2376|Case No. 2024-03026|

[*1]John Kiehl, Plaintiff-Appellant-Respondent,
v
Robert S. Cavicchio et al., Defendants-Respondents-Appellants.

Kagen Caspersen & Bogart PLLC, New York (Stuart Kagen of counsel), for appellant-respondent.
Kirkland & Ellis LLP, Boston, MA (Patrick J. O'Toole, Jr. of the Bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered March 21, 2024, which granted in part and denied in part the motion of defendants Robert S. Cavicchio, Soundtrack New York, LLC, Soundtrack Boston, LLC, Cav Corp., and the Cavicchio Family New York LLC to dismiss the amended complaint, to the extent of dismissing the claims for breach of fiduciary duty under a partnership or joint venture (first cause of action), declaratory judgment (second cause of action), breach of joint venture law (third cause of action), an accounting (fourth cause of action), and constructive trust (fifth cause of action), and denied defendants' motion to dismiss the claims for unjust enrichment (sixth cause of action) and money had and received (seventh cause of action), unanimously modified, on the law, to dismiss the sixth and seventh causes of action with respect to services rendered prior to November 6, 2014, and otherwise affirmed, without costs.
Supreme Court properly applied New York law upon finding no actual conflict between the laws of New York and Massachusetts with respect to the formation of a partnership or joint venture (see Millenium Consol. Holdings, LLC v Bluefin Capital Mgt., LLC, 227 AD3d 411, 412 [1st Dept 2024]). Both states' laws contain the same elements, including a mutual promise or understanding to share in the profits of the business and to bear the burden of the losses of the business (see Lebedev v Blavatnik, 193 AD3d 175, 185-186 [1st Dept 2021]; compare Gurry v Cumberland Farms, Inc., 406 Mass 615, 623-624 [1990]; see also Solutia Inc. v FMC Corporation, 456 F Supp 2d 429, 445-446 [SD NY 2006]).
Plaintiff's first through fifth causes of action of the amended complaint were properly dismissed because plaintiff failed to sufficiently allege the existence of a joint venture or partnership (see Slabakis v Schik, 164 AD3d 454, 455 [1st Dept 2018], lv denied 32 NY3d 912 [2018]). Specifically, plaintiff failed to allege "acts manifesting the intent of the parties to be associated as joint venturers, mutual contribution to the joint undertaking through a combination of property, financial resources, effort, skill or knowledge, a measure of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses" (id.). Further, there was "no indication of mutual control over the management and operation of the properties, nor is there an agreement to share the burden of losses" (Magnum Real Estate Servs., Inc. v 133-134-135 Assoc., LLC, 59 AD3d 362, 363 [1st Dept 2009]).
Plaintiff alleged that he contributed capital, labor, and expertise, and that he has always been Soundtrack's "jack of all trades" and the person on whom the business relied for his technical ability to perform all aspects of the rapidly evolving business of audio recording and engineering. However, plaintiff was compensated solely as an employee of Soundtrack, as evidenced by the W-2 statements attached to defendants' initial [*2]motion. Plaintiff received a salary and bonus for his labor and thus, his performance of his job duties did not evidence a joint venture (see Matter of Steinbeck v Gerosa, 4 NY2d 302, 317 [1958]). Nor does an agreement to distribute or receive the profits of a business upon a percentage basis give rise to a joint venture (see id.).
Plaintiff's failure to sufficiently plead a joint venture is fatal to his claims for breach of fiduciary duty, an accounting, and a constructive trust (see Northern Stamping, Inc. v Monomoy Capital Partners, L.P., 107 AD3d 427, 428 [1st Dept 2013]; Chipman v Steinberg, 106 AD2d 343, 344 [1st Dept 1984], affd 65 NY2d 842 [1985]; Sugarman v Weisz, 34 AD2d 763, 763 [1st Dept 1970], affd 28 NY2d 786 [1971]).
Based on plaintiff's allegations that he made financial contributions to cover some of the expenses of the business, and was not provided compensation for a two-year period, the causes of action for unjust enrichment and money had and received were sufficiently pled (see OneWest Bank, FSB v Deutsche Bank Natl Trust Co., 186 AD3d 92, 100 [1st Dept 2020]; lv denied 35 NY3d 917 [2020]; Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 473 [1st Dept 2010]). However, because these claims are subject to a six-year statute of limitations, defendants' motion to dismiss the sixth and seventh causes of action should have been granted as to services rendered prior to November 6, 2014, which is six years before the commencement of this action.
M-2263 — John Kiehl v Robert S. Cavicchio et al.
Motion by plaintiff to strike sections I and II of defendants' reply brief and for costs on the motion, granted, to the extent of striking sections I and II of defendants' reply brief, and otherwise denied. M-2376 — John Kiehl v Robert S. Cavicchio et al.
Cross-motion by defendants for leave to file a corrected reply brief, denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025