■ ROBERT PRITSKER, Appellant, v MICHEL KAZAN, Respondent.—Order, Supreme Court, New York County (McCooe, J.), entered September 22, 1986, which granted defendant's motion for summary judgment dismissing the complaint, is unanimously affirmed without costs.

This is an action for specific performance of an agreement to sell 100% of the stock in Z & M Realty Corp. or for damages. Plaintiff alleges that on July 30, 1985 defendant orally agreed, *inter alia,* to sell said stock to the plaintiff for the agreed price of $950,000 with the closing to take place on or about October 31, 1985. At the time of the alleged agreement, defendant operated a beauty salon which occupied the entire building leased by Z & M in New York City. Plaintiff wished to open a restaurant at that location. In order to defeat the landlord's right of first refusal as to the transfer of a leasehold interest, the transfer was to be structured as a sale of the stock of Z & M.

Since this matter involves the sale of stock of a corporation whose only asset is an interest in realty, the Statute of Frauds is applicable to any transfer of the stock. *(See,* General Obligations Law § 5-703.) This result is consistent with those cases which hold that the transfer of stock in a cooperative apartment building must be in writing *(see, Pollard v Meyer,* 61 AD2d 766; *Rosner v 80 CPW Apts. Corp.,* 73 AD2d 39). Since there was no writing here, the complaint was properly dismissed. We affirm solely on the basis of the absence of a writing as required by the Statute of Frauds. Concur—Kupferman, J. P., Sandler, Sullivan, Kassal and Smith, JJ.