■ LINCOLN GUILD HOUSING CORP., Appellant, v DAVID HALPER, as Executor of JACQUELINE HEILPERN, Deceased, et al., Respondents.—Order, Supreme Court, New York County (Francis Pecora, J.), entered August 7, 1989, which denied plaintiff landlord's motion for summary judgment on its action for declaratory and injunctive relief, unanimously affirmed, without costs.

Plaintiff landlord, Lincoln Guild Housing Corp. (landlord), is a nonprofit housing cooperative under the supervision of the New York City Department of Housing Preservation and Development, and the owner of an apartment building located at 303 West 66th Street in Manhattan, which is in the process of being reconstituted as a private cooperative. Defendant David Halper is the executor of the estate of Jacqueline Heilpern, which owns the shares allocated to apartment 14BW of the subject building, and defendant David Schacher is a subtenant thereof.

On or about June 10, 1986, the landlord executed an agreement with Halper to extend the estate's proprietary lease for apartment 14BW until June 30, 1988, and in August 1987, the landlord approved a sublease of the apartment to Schacher. The proprietary lease held by the estate was extended on or about June 10, 1988 for an additional period ending June 30, 1990. However, the landlord has refused to approve an extension of the sublease, which expired on June 30, 1988, and Schacher has remained in the apartment without a lease.

By verified complaint dated October 17, 1988, the landlord sought declaratory and injunctive relief, as well as monetary damages, which it claimed arose from the proprietary lease violation consisting of the alleged illegal subtenancy. At issue on appeal is whether the IAS Part properly denied the landlord's motion for summary judgment.

Upon examination of this record, we agree with the IAS Part's determination that there exist material issues of fact

precluding the " 'drastic remedy' " of summary judgment. *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231.) Among these issues are whether the landlord has unreasonably withheld permission to sublet. *(See, Matter of Fuller v Urstadt,* 28 NY2d 315, 318.) In this context, we note that the refusal to extend the sublease coincided with the landlord's announcement of plans to reconstitute the project as a private cooperative.

Also to be resolved are the circumstances under which the landlord continues to bill the estate for, and accept payment of, a monthly maintenance surcharge of 50% for the subtenancy, and whether this constitutes a waiver of its claim of lease violation and/or services to estop the landlord from asserting his rights under relevant sections of the lease. In *Electrolux Corp. v Val-Worth, Inc.* (6 NY2d 556, 564), the court reaffirmed its earlier holding that " '[w]here a person wronged is silent under a duty to speak, or by an act or declaration recognizes the wrong as an existing and valid transaction, and in some degree, at least, gives it effect so as to benefit himself or so as to affect the rights or relations created by it between the wrongdoer and a third person, he acquiesces in and assents to it and is equitably estopped from impeaching it.' " (Quoting *Rothschild v Title Guar. & Trust Co.,* 204 NY 458, 461; *see also, Hadden v Consolidated Edison Co.,* 45 NY2d 466, 469.) Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.