■ ABRAHAM BORENSTEIN et al., Respondents, v ROCHEL PROPERTIES, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about April 16, 1991, which, *inter alia,* granted the plaintiffs' motion for a preliminary injunction enjoining the defendants from enforcing or executing upon a certain confession of judgment filed against the plaintiffs, and required the plaintiffs to post a $10,000 undertaking in favor of defendant Rochel Properties, Inc., unanimously affirmed, with costs.

Plaintiffs allege, *inter alia,* fraud in the inducement and lack of consideration, and seek damages and a permanent injunction against enforcement of a confession of judgment executed by them and others, in favor of Rochel Properties, Inc., in connection with the refinancing of a real estate

syndication venture in Philadelphia, Pennsylvania. Rochel Properties, Inc. took back a second mortgage on the property being developed. The confession of judgment was executed in order to further secure Rochel Properties due to a shortfall between the estimated foreclosure value of the property and the amount loaned by the first and second mortgagees.

"The decision to grant or deny [a preliminary injunction] lies within the sound discretion of the trial court. In the absence of unusual or compelling circumstances, this court is reluctant to disturb said determination, unless of course, it can be demonstrated that the court abused its discretion." *(After Six v 201 E. 66th St. Assocs.,* 87 AD2d 153, 155, *appeal dismissed* 57 NY2d 835.) In this case, as in every case where a preliminary injunction is sought, the movants must demonstrate a likelihood of success on the merits, irreparable injury in the absence of the injunctive relief, and that the equities of the situation are in their favor. (CPLR 6301; *Kaufman v International Business Machs. Corp.,* 97 AD2d 925, *affd* 61 NY2d 930.)

The record presented on this review demonstrates that the grant of the preliminary injunction did not constitute an abuse of discretion. While the parties dispute the factual assertions upon which the allegations of fraud and lack of consideration are based, the comparative harm to the plaintiffs in allowing enforcement of the confession of judgment is significantly greater than the harm to the defendants. The prejudice to the defendant creditor is not as apparent as the plaintiffs have presented evidence, which is not disputed, that the defendant creditor has filed the confession of judgment as against the plaintiffs only. The selective enforcement of the confession of judgment supports the plaintiffs' allegations of fraudulent and conspiratorial behavior on the part of the defendants in inducing plaintiffs to execute the confession, and thus indicates a likelihood of success on the merits despite the disputed facts. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.