■ THOMAS GESUALE et al., Appellants, v KENNETH A. TULLY et al., Respondents.—In a shareholders' derivative action, *inter alia,* for conversion of a corporate opportunity, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered September 19, 1989, which, after a nonjury trial, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Thomas Gesuale and defendant Kenneth Tully were shareholders, directors and officers of Review Avenue Enterprises, Inc. (hereinafter Review), a corporation whose assets consisted of waterfront land in Queens. At all relevant times Review's primary business was the compacting and shipment of garbage by water.

In December 1985 Pasquale DiMatteo, the principal of the Haulage Enterprises Corp. (hereinafter Haulage), discussed with Gesuale Haulage's need for bonding in connection with a bid for disposal of garbage from the Town of Oyster Bay. The proposal called for on-site compaction of the garbage and transporting it by truck to Haulage's sites in Pennsylvania. Gesuale was unable to provide bonding personally or through Review, but he contacted Tully, who was also president of a construction firm, the defendant Willets Point Contracting Corp., Inc. (hereinafter Willets Point). Gesuale asked Willets Point to provide a bond in Review's name. Tully and Willets Point declined to do so, but in February 1986, Willets Point entered into a joint venture with Haulage to carry out Haulage's proposal. The bond for this ultimately successful bid was taken out by Willets Point in its own name.

We agree with the trial court that Review, whose facilities and expertise were limited to water shipment, had no tangible expectancy of participation in the Haulage bid *(see, Blaustein v Pan Am. Petroleum & Transp. Co.,* 293 NY 281, 300; *Poling Transp. Corp. v A & P Tanker Corp.,* 84 AD2d 796). The evidence does not support the plaintiff's additional claim that Review and Haulage had established a joint venture by verbal agreement more than a year before DiMatteo spoke with Gesuale about Haulage's bonding difficulties. Thus, the complaint was properly dismissed.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.