■ MURRAY ACKERMAN et al., Appellants, v 305 EAST 40TH OWNERS CORP., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered on or about April 20, 1992, which, *inter alia,* granted the defendant's cross motion to dismiss the complaint, unanimously reversed, on the law and the facts, the cross motion is denied and the complaint is reinstated, without costs.

Apartment 3-O at 305 East 40th Street became available when the record owner filed for bankruptcy and the bank, which held liens on the apartment, decided not to cure the owner's maintenance default and take over the apartment. The plaintiff, Murray Ackerman, a resident shareholder and director of the cooperative, decided to submit a bid for the apartment, which was to be sold at auction. According to Ackerman, at a meeting conducted prior to the auction, he informed the board of directors of the cooperative that he intended to bid on the apartment. Although he contends that none of the board members objected, the defendant, by way of affidavits from some of the directors of the cooperative, maintains that they were never informed of Ackerman's intentions.

After this meeting, Ackerman received permission from the president of the cooperative to post notices of the auction in the building. A notice also appeared in The New York Times. The plaintiffs, counsel for the cooperative, and nine other individuals attended the auction. The plaintiffs' bid of $18,000 was higher than the $17,000 bid submitted by the defendant and was accepted and sealed. The plaintiffs signed a "Memorandum of Sale", the terms of which provided that the successful bid was subject to approval by the board of directors of

the cooperative. Ackerman gave counsel to the cooperative a bank teller's check for $1,800 as a downpayment on the apartment. The plaintiffs' attorney requested a closing date but received no response from the defendant. Some four months later, the plaintiffs were informed that the board had voted to reject their bid. The plaintiffs then commenced the instant proceeding seeking specific performance and damages. They also moved for a preliminary injunction.

The defendant cross moved to dismiss the complaint on the ground, *inter alia,* that it failed to state a cause of action. The Supreme Court denied the plaintiffs' motion for a preliminary injunction and granted the defendant's cross motion to dismiss the complaint based on its conclusions that Ackerman's bidding was inconsistent with his duties as a director, and that the vote of the board was a proper exercise of its business judgment. As limited by their brief, the plaintiffs contend that it was error to dismiss their complaint for failure to state a cause of action. We agree.

"The standards in determining a CPLR 3211 (a) (7) motion for dismissal for failure to state a cause of action are well known. *(See, e.g., 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509.) Such a motion assumes the truth of the complaint's material allegations and whatever can be reasonably inferred therefrom. *(See, Foley v D'Agostino,* 21 AD2d 60, 65.) The motion should be denied if 'from [the pleading's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law'. *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275.)" *(McGill v Parker,* 179 AD2d 98, 105.) While a court may consider affidavit facts as a supplement to the complaint to show the cause of action to be valid, such affidavits "are not to be examined for the purpose of determining whether there is evidentiary support for the pleading" *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 635).

The defendant contends that Mr. Ackerman violated his obligations as a director by usurping a corporate opportunity. Pursuant to the corporate opportunity doctrine, a corporate fiduciary "may not, without consent, divert and exploit for his own benefit any opportunity that should be deemed an asset of the corporation" *(Commodities Research Unit v Chemical Week Assocs.,* 174 AD2d 476, 477; *see also, Bankers Trust Co. v Bernstein,* 169 AD2d 400).

Accepting the plaintiffs' allegations as true, Mr. Ackerman fully disclosed his intention to bid on the subject apartment to the board which consented by voicing no objection. The board

also waited until several months after the auction before objecting to the sale. Silence constitutes an estoppel where there is a duty to speak *(Electrolux Corp. v Val-Worth, Inc.,* 6 NY2d 556; *Lincoln Guild Hous. Corp. v Halper,* 161 AD2d 546).

While the terms of the sale indicated that it was contingent on board approval, the withholding of such approval must be in good faith and consistent with the board's obligation to further the legitimate purpose of the cooperative *(Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530; *Auerbach v Bennett,* 47 NY2d 619). Pre-discovery dismissal of pleadings in the name of the business judgment rule is inappropriate where those pleadings suggest that the directors did not act in good faith *(Bryan v West 81 St. Owners Corp.,* 186 AD2d 514; *Schmidt v Magnetic Head Corp.,* 101 AD2d 268).

The directors of a cooperative owe a fiduciary duty to act solely in the best interest of all shareholders *(Bryan v West 81 St. Owners Corp., supra).* It is not necessary to plead that the directors acted in self-interest; pleading unequal treatment of shareholders is sufficient *(supra; Aronson v Crane,* 145 AD2d 455). Whether or not the business judgment rule protects the actions of the board of directors in this matter is a question of fact *(Bryan v West 81 St. Owners Corp., supra; Van Camp v Sherman,* 132 AD2d 453). While the board was empowered to approve or reject the sale, there are sufficient facts alleged to support a finding that the defendant did not act in good faith in withholding approval of the sale of the apartment to the plaintiffs.

Accordingly, the order of the Supreme Court is reversed, the defendant's cross motion is denied and the complaint is reinstated. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.