RALPH N. SALATINO, Respondent, v JEANNE PRYOR et al., Appellants. [644 NYS2d 716]

We agree with the motion court that an issue of fact exists as to whether defendant cooperative's board of directors' withholding of approval for the transfer of plaintiff's shares in the cooperative apartment to a prospective purchaser of his medical practice was in good faith and consistent with the board's obligation to further the legitimate purpose of the cooperative (*Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665). The certificate of occupancy, which merely lists the number of apartments on each floor and describes the building as "Resi-

dential Old Code", requires further elucidation to be construed, as defendants urge, as prohibiting use of the subject apartment solely as a doctor's office. On the other hand, there appears to be no dispute that the apartment has been used as a combined doctor's office and residence for nearly 30 years; paragraph "2" of the House Rules, which are part and parcel of the proprietary lease, makes specific reference to doctor's offices in the building, prohibiting use of the lobby as a waiting area; and the cooperative offering plan specifically represented that there is one professional office in the building. The board's good-faith reliance on the certificate of occupancy is therefore questionable. Its good faith was further put in issue by plaintiff's evidence that the board's president has engaged in a pattern of harassment and disparate treatment against him (*see, supra*). Concur—Sullivan, J. P., Milonas, Wallach, Ross and Nardelli, JJ.