■ EDWARD GLASSMEYER et al., Appellants, v 310 LEXINGTON OWNERS CORP. et al., Respondents. [647 NYS2d 784] —Order,

Supreme Court, New York County (Ira Gammerman, J.), entered July 19, 1995, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs bring this action to compel defendant cooperative board to decrease the number of shares assigned to their unit and to reflect their alleged interest in eight feet of disputed space on a common terrace shared with the individual defendants. We agree with the motion court that the business judgment rule may be invoked here to summarily dismiss those causes which seek a reallocation of shares, since the complaint fails to allege any fraud, self-dealing, breach of fiduciary obligations or unequal treatment of shareholders in the cooperative board's denial of this relief. We observe that to grant this request on behalf of plaintiffs would require reallocation and thus additional maintenance to other shareholders. Plaintiffs admittedly were aware of the share allocation for this unit, which was owned by plaintiffs' father and father-in-law for many years, prior to the purchase by plaintiffs. Absent some factual allegation supporting the contention that the business judgment rule should not apply (see, *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530; cf., *Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665), summary judgment was proper. Similarly, plaintiffs may not pursue claims for eight feet of a common terrace inasmuch as, when plaintiffs purchased the unit, the demarcation line of that terrace had been clearly defined for more than 20 years and their predecessor in interest admittedly resurfaced only that portion of the terrace which he used appurtenant to that apartment. Thus, the claim to the eight feet has been waived.

We have reviewed plaintiffs' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.