■ NANCY CALO, Respondent, v FELICIA CHUI et al., Appellants, et al., Defendant. [679 NYS2d 42] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 18, 1997, which granted plaintiff's motion for a preliminary injunction restraining defendants Felicia and Ricauter Chui and Marcus Chui from submitting an application to purchase shares allocated to an apartment located at 417 Grand Street, New York, New York, and preventing defendant Seward Park Housing Corporation from accepting an application for purchase of same, and denied the defendants' cross motion to dismiss the complaint, unanimously affirmed, with costs.

The motion court properly denied defendants' cross motion to dismiss the complaint. Plaintiff alleges an oral agreement with defendant Felicia Chui that, in exchange for a payment of $10,000, defendant would assign and relinquish all rights to and occupancy of a cooperative apartment as well as the right to purchase stock allocated to the premises. Defendants Felicia and Ricauter Chui vacated the premises and, pursuant to the agreement, plaintiff paid defendant $2,000 in cash and $8,000 by checks, between June 1992 and January 1994. The checks, most of which bore the legend "equity", including a final payment bearing the legend, "balance of equities", were paid by plaintiff over and above the regular rental payments she made to defendant Seward Park Housing Corporation, the owner of the building. Taking plaintiff's allegations as true and giving her the benefit of all favorable inferences (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634), plaintiff has alleged sufficient acts indicative of a partial performance of the alleged oral

agreement to sustain her complaint as against defendants' dismissal motion predicated upon the Statute of Frauds (see, *Brady v Helmsley*, 246 AD2d 486). The ultimate validity of plaintiff's claim must await further proceedings.

The order of the IAS Court, granting plaintiff's motion for a preliminary injunction, did not constitute an improvident exercise of discretion. In the circumstances of this case, where plaintiff faced possible eviction by defendants, the equities lie in favor of preserving the status quo (see, *Borenstein v Rochel Props.*, 176 AD2d 171, 172; *Republic of Lebanon v Sotheby's*, 167 AD2d 142, 145). Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.