■ LOUISE LASKIN TRUST—1991, Respondent, et al., Plaintiff, v 775 PARK AVENUE, INC., Appellant. [750 NYS2d 591] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered June 26, 2001, which, in an action for breach of contract and breach of fiduciary duty arising out of defendant residential cooperative's refusal to approve the transfer of an apartment from plaintiff trust to its settlor's daughter, denied defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff alleges that contrary to the terms of the proprietary lease and the manner in which defendant treated other shareholders, defendant demanded that plaintiff pay a "flip tax" on what would have been, in effect, an intrafamily gratuitous transfer, and that defendant rejected the proposed transfer because plaintiff refused to pay such flip tax. These allegations are sufficient to show that defendant's rejection of the proposed transfer was not in good faith, and is therefore actionable (*see Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665, 667). Defendant's president's affidavit denying that defendant rejected the transfer because of plaintiff's initial reluctance to pay a flip tax, as evidenced by defendant's adherence to its rejection even after plaintiff offered to pay a flip tax, raises issues of fact bearing upon defendant's directors' states of mind to be considered after joinder of issue (*see id.* at 666-667, citing, inter alia, *Bryan v West 81 St. Owners Corp.*, 186 AD2d 514). Defendant's argument that the cause of action for

breach of contract should be dismissed as duplicative of the cause of action for breach of fiduciary duty is improperly raised for the first time on appeal, and we decline to consider it. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.