■ SAMANTHA ENTERPRISES, INC., Appellant, v ELIZABETH STREET, INC., et al., Respondents. [774 NYS2d 681]—

Order and judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered October 27, 2003, which, inter alia, granted defendant-respondent's motion for summary judgment, dismissing plaintiff's claims for equitable relief and canceling the notice of pendency filed by plaintiff, unanimously affirmed, without costs.

Plaintiff corporation and defendant-respondent are 50% partners in the beneficiary plaintiff, a general partnership. Plaintiff seeks imposition of a constructive trust, declaratory and other equitable relief and reformation of a 2003 deed conveying certain property to defendant-respondent, on the theory that defendant-respondent usurped the general partnership's opportunity to purchase downtown Manhattan real estate. There is, however, no evidence that the general partnership had a "tangible expectancy" of purchasing the subject realty or that such purchase would have been consistent with its appropriately defined purpose (see Alexander & Alexander of N.Y. v Fritzen, 147 AD2d 241, 247-248 [1989]). Accordingly, there is no basis to conclude that defendant breached a fiduciary duty to the general partnership (cf. Schneidman v Tollman, 190 AD2d 524, 525 [1993]), or that there was an implied promise, an essential element of a demand for imposition of a constructive trust (see Perelman v Traube, 282 AD2d 270 [2001]), or that the deed transferring the property to defendant should be reformed on the ground of constructive fraud (cf. Metropolitan Life Ins. Co. v Oseas, 261 App Div 768, 771-772 [1941], affd 289 NY 731 [1942]). Summary judgment was, therefore, properly granted, and the notice of pendency properly canceled.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Ellerin and Gonzalez, JJ.