■ HENRY BERGMAN et al., Appellants, v MARTON KRAUSZ et al., Respondents, et al., Defendants. [796 NYS2d 360]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered June 4, 2004, which, to the extent appealed from as limited by the briefs, granted defendants' motion for partial summary judgment and dismissed plaintiffs' ninth cause of action, unanimously affirmed, without costs.

The court properly dismissed the cause of action for specific performance of an alleged agreement by defendants to sell their shares in two corporations jointly owned by the parties. Inasmuch as the transaction involved the sale of stock in corporations whose sole asset was a commercial building, the statute of frauds (General Obligations Law § 5-703 [2]) was ap-

plicable (*Pritsker v Kazan*, 132 AD2d 507 [1987]; *cf. Sabin-Goldberg v Horn*, 179 AD2d 462 [1992]). The letter relied on by plaintiffs was unenforceable since it did not state the essential terms of a complete agreement (*see O'Brien v West*, 199 AD2d 369 [1993]), and there was no indication that the signatory had the authority to act on defendants' behalf (*see Bowling v Pedzik*, 302 AD2d 343 [2003]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Ellerin, JJ.