■ YENOM CORP., Appellant, v 155 WOOSTER STREET INC. et al., Respondents. [805 NYS2d 304]—

Judgment, Supreme Court, New York County (Karen S. Smith, J.), entered September 24, 2004, dismissing the complaint and awarding $18,142.67 to the Cooper defendants and $16,377.95 to the Seawright defendants, and bringing up for review an order, same court and Justice, entered July 14, 2004, which, in an action to compel defendants' sale of stock in a corporation the sole asset of which is the building described in the notice of pendency filed by plaintiff, granted defendants' motions to dismiss the complaint, cancel the notice of pendency, and impose 22 NYCRR part 130-1 costs on plaintiff and its attorneys, and also bringing up for review an order, same court and Justice, entered September 9, 2004, which, after a hearing, assessed such costs in the amounts above indicated, unanimously affirmed, with costs. Appeals from the aforementioned orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The documentary evidence, including the draft contract circulated by Cooper's attorney on which plaintiff relies as some evidence of the material terms of the alleged contract, establishes what scarcely could be doubted in any event: the parties did not intend to be bound until defendants "executed . . . and delivered a fully executed copy of the Contract to Buyer or Buyer's attorney." The letter that covered the draft was just as explicit, stating that "[t]he forwarding of this contract shall not be deemed an offer." Accordingly, absent an allegation that the subject contract was fully executed and delivered, the complaint was properly dismissed (see RAJ Acquisition Corp. v Atamanuk, 272 AD2d 164 [2000]; BMH Realty v 399 E. 72nd St. Owners, 221 AD2d 165 [1995]). Moreover, even if there were no intent to be bound only upon execution of a formal contract, the many substantial changes to Cooper's draft that were prepared by

plaintiff's counsel and the parties' subsequent correspondence establish that there was never a meeting of the minds on material terms, including price. Notably, one section of the draft that plaintiff's counsel did not alter was that requiring execution and delivery of a formal contract. The notice of pendency was properly cancelled upon dismissal of the complaint (*see Samantha Enters. v Elizabeth St.*, 5 AD3d 280 [2004]).

In view of defendants' clear showing of an intent not to be bound without a formal contract and the absence of credible evidence tending to show a meeting of the minds on all material terms, the action and filing of the notice of pendency were "completely without merit in law," and therefore sanctionable (22 NYCRR 130-1.1 [c] [1]). No basis exists to disturb the IAS court's discretion to make the sanction an award of reasonable attorneys' fees and expenses, imposed against both plaintiff and its attorney (22 NYCRR 130-1.1 [a], [b]; *see Saleh v Hochberg*, 5 AD3d 234 [2004]). We have considered plaintiff's other arguments, including that the motion court did not adequately explain the award of costs, and find them to be without merit. Concur—Buckley, P.J., Nardelli, Williams, Gonzalez and McGuire, JJ.