[818 NYS2d 210]

YENOM CORP., Appellant, v 155 WOOSTER STREET INC. et al., Respondents.

First Department, July 13, 2006

## APPEARANCES OF COUNSEL

*Akin Gump Strauss Hauer & Feld LLP*, New York City (*Sean E. O'Donnell, James E. d'Auguste* and *Christine Doniak* of counsel), for Matthew Hearle, and others, plaintiffs.

*Ganfer & Shore, LLP*, New York City (*Steven J. Shore* of counsel), for 155 Wooster Street Inc. and others, defendants.

*Rosenberg & Estis, P.C.*, New York City (*Alexander Lycoyannis* of counsel), for James L. Seawright and another.

## OPINION OF THE COURT

Per Curiam.

This is a post-appeal proceeding initiated by this Court nostra sponte to determine whether sanctions should be imposed against plaintiff and its counsel pursuant to part 130 of the Rules of the Chief Administrator (22 NYCRR 130-1.1 *et seq.*) based on their frivolous conduct in prosecuting plaintiff's recent appeal (23 AD3d 259 [2005], *lv denied* 6 NY3d 708 [2006]). Having advised the parties by letter that this Court was considering sanctions against plaintiff and its counsel, Matthew Hearle, Esq., and now having received their submissions, we conclude that the appeal was frivolous within the meaning of part 130 and that costs should be imposed on plaintiff and its counsel in the form of reimbursement for actual expenses and reasonable attorneys' fees incurred in defending this appeal.

This action grew out of the failed negotiations over plaintiff's attempt to purchase the shares of stock of the corporate defendant 155 Wooster Street Inc. (Corporation) and a net lease to which the Corporation was a party. It is undisputed that the sole asset of the Corporation was certain real property, to wit, a building located at that address. During the negotiations between plaintiff's affiliate, Centaur Properties LLC, and defendants, defendant Cooper's attorney forwarded a proposed stock purchase agreement to plaintiff's counsel which provided, in section 26, that: "[t]his Contract shall not be binding upon the Seller until such time as Seller has executed the Contract and delivered a fully executed copy of the Contract to Buyer or Buyer's attorney." The cover letter from Cooper's attorney contained a similar proviso. In response, plaintiff's counsel faxed a counterproposal to Cooper's attorney, which included numer-

ous modifications, including, inter alia, adding the purchase of a net lease to the proposed transaction and changing the named buyer to plaintiff Yenom (instead of Centaur). Notably, in his counterproposal, plaintiff's counsel did not modify section 26 of the Cooper draft, which required execution and delivery of the contract before the seller would be bound. It is undisputed that the counterproposal was never executed by Cooper or the Seawrights and delivered to plaintiff or its counsel, as required by section 26. When defendants subsequently entered into a contract of sale with a third party, plaintiff commenced the instant action alleging a breach of an oral agreement to sell the shares and net lease, and it also filed a notice of pendency.

Supreme Court granted defendants' CPLR 3211 motion to dismiss the complaint and cancelled the notice of pendency. It found that the alleged oral agreement was unenforceable under the statute of frauds, that the documentary evidence flatly contradicted plaintiff's allegation of a meeting of the minds on the material terms of the contract, and that the part performance exception to the statute of frauds was inapplicable. In addition, the court canceled the notice of pendency because plaintiff's action was dismissed on the merits and because an action to enforce the sale of shares of stock in a corporation that owned real property did not affect title, use or enjoyment of real property within the meaning of CPLR 6501. The court also imposed sanctions on plaintiff and its attorney for the filing of a baseless lawsuit and notice of pendency.

Despite the motion court's sanction order, plaintiff appealed to this Court raising the same legal arguments. Specifically, plaintiff argued that Supreme Court's order should be reversed on the following grounds: (1) enforcement of the oral agreement to purchase the stock shares and net lease was not barred by the statute of frauds because plaintiff's partial performance was unequivocally referable to the oral agreement alleged; (2) the notice of pendency was improperly cancelled since the motion court overlooked the fact that the oral agreement included the sale of the net lease, a transaction that would affect the title, use or enjoyment of real property; and (3) the sanctions award was erroneous because the action was not frivolous and there was no compliance with the procedures of part 130.

This Court unanimously affirmed the dismissal of the complaint on the merits, and with respect to the issuance of sanctions, we stated:

"In view of defendants' clear showing of an intent

not to be bound without a formal contract and the absence of credible evidence tending to show a meeting of the minds on all material terms, the action and filing of the notice of pendency were 'completely without merit in law,' and therefore sanctionable (22 NYCRR 130-1.1 [c] [1])" (23 AD3d at 260).

The issue now before the Court is whether sanctions are appropriate for the prosecution of this appeal. Under part 130 of the Rules, frivolous appellate litigation may be found to exist where the appellate arguments raised are completely without merit in law or fact, where the appeal is undertaken primarily to delay or prolong the litigation or to harass or maliciously injure another, or where the party or attorney asserts material factual statements that are false (22 NYCRR 130-1.1 [c]; *see Matter of Wecker v D'Ambrosio*, 6 AD3d 452 [2004]; *Levy v Carol Mgt. Corp.*, 260 AD2d 27 [1999]). Additional factors a court may consider in determining whether an appeal is frivolous are whether the appellant's conduct was continued when its lack of merit was apparent or should have been apparent, and the circumstances under which the conduct took place, including the time available for investigating the factual or legal basis of the conduct (22 NYCRR 130-1.1 [c]). Finally, this Court must be careful to avoid the imposition of sanctions in cases where the appellant asserts colorable, albeit unpersuasive, arguments in good faith and without an intent to harass or injure (*cf. Levy*, 260 AD2d at 34-35).

After a careful review of the appellate record and the parties' letter submissions, we draw the only conclusion such record permits—plaintiff's entire action was predicated on a part performance argument that was completely without merit in law or fact. Plaintiff's counsel argued that plaintiff made a valuable improvement to the property by causing a portion of the premises to be rezoned, and that such improvement constituted the partial performance of an oral agreement to sell the stock shares and net lease that was "unequivocally referable" to such agreement. The motion court was unimpressed by this argument and rejected it without explanation. This Court likewise did not expressly mention it ("We have considered plaintiff's other arguments . . . and find them to be without merit" [23 AD3d at 260]).

Initially, we note that because the transaction which is the subject of the alleged oral contract involved the sale of stock in a corporation the sole asset of which was an interest in realty,

as well as the sale of a net lease, the statute of frauds was applicable, and any oral agreement to convey such interests was unenforceable as a matter of law (*Bergman v Krausz*, 19 AD3d 186 [2005]; *Pritsker v Kazan*, 132 AD2d 507 [1987]; *see* General Obligations Law § 5-703 [2]).

Nevertheless, it is established law that a party asserting the statute of frauds may lose the benefit of the defense, or waive its protections, by inducing or permitting part performance of an oral agreement by the party seeking to enforce it (*see* General Obligations Law § 5-703 [4]; *Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]; *Woolley v Stewart*, 222 NY 347, 351 [1918]). The doctrine of part performance is based on principles of equity and recognizes that "it would be a fraud to allow one party to a real estate transaction to escape performance after permitting the other party to perform in reliance on the agreement" (*Messner*, 93 NY2d at 235). The doctrine will apply only where the part performance is "unequivocally referable" to the oral agreement (*Burns v McCormick*, 233 NY 230, 232 [1922]).

The doctrine of part performance was not applicable to the instant case. Even assuming the truth of plaintiff's assertion that it had effected a zoning change on the property that increased its value, there is not the slightest bit of evidence in the record that defendants induced this action or were even aware of it. Nor could it reasonably be argued that plaintiff's conduct in seeking a zoning change was "unequivocally referable" to an alleged oral agreement to sell the stock shares of 155 Wooster and net lease to plaintiff for an agreed-upon price. Rather, plaintiff's unilateral conduct, standing alone, could easily be seen as the premature acts of an overly optimistic potential buyer (*see Anostario v Vicinanzo*, 59 NY2d 662 [1983]; *RAJ Acquisition Corp. v Atamanuk*, 272 AD2d 164 [2000]; *Lilling v Slauenwhite*, 145 AD2d 471, 472 [1988]; *Francesconi v Nutter*, 125 AD2d 363 [1986]; *Cooper v Schube*, 86 AD2d 62, 67-68 [1982], *affd* 57 NY2d 1016 [1982]).

The cases cited by plaintiff that purportedly put forth a good faith, colorable argument for the application of the part performance exception to this case are easily distinguishable. The obvious difference is that here, there is no evidence that defendants induced or permitted plaintiff to seek a zoning change for the property about to be transferred (*see Woolley*, 222 NY at 351 [party asserting statute of frauds may lose its protection "by inducing or permitting without remonstrance

another party to the agreement to do acts, pursuant to and in reliance upon the agreement, to such an extent and so substantial in quality as to irremediably alter (the) situation and make the interposition of the statute against performance a fraud"]). Conversely, in the cases cited by plaintiff, the part performance involved conduct that was clearly permitted or induced by the party relying on the statute of frauds, such as possession of the premises, payment of rent or significant improvements to the premises.

For instance, in *Calo v Chui* (254 AD2d 191 [1998]), the plaintiff alleged an oral agreement whereby she would pay $10,000 in exchange for the defendants' assignment and relinquishment of all rights to a cooperative apartment, as well as the right to purchase stock allocated to the premises. When the defendants reneged on the agreement by trying to purchase the shares for themselves, the plaintiff pointed to the defendants' vacatur of the apartment and her payment of the $10,000 to them, above and beyond her regular rent payments to the landlord, as evidence of her partial performance. The First Department upheld the motion court's denial of the defendants' dismissal motion predicated on the statute of frauds, obviously concluding that the plaintiff's payments and possession of the premises had been induced and permitted by the defendants in reliance on the oral agreement.

Similarly, in *Mihalko v Blood* (86 AD2d 723 [1982]), the plaintiffs alleged an oral agreement for an easement over the defendants' property in exchange for cattle grazing rights and a promise to hire one of the defendants to construct a cabin. The Court found the plaintiffs' allegation that they expended over $2,000 to improve a roadway on the property was unequivocally referable to the oral agreement alleged, and could constitute partial performance. In *Mihalko*, unlike here, a clear inference existed that the defendants must have induced or permitted the plaintiffs' performance since the improvements occurred on the former's property.

The remaining cases cited by plaintiff likewise share the common characteristic that the partial performance cited by the plaintiff must have been known to, and permitted by, the defendant (*see Club Chain of Manhattan v Christopher & Seventh Gourmet*, 74 AD2d 277 [1980], *appeal dismissed* 53 NY2d 703 [1981] [part performance of oral agreement for new lease of billboard shown by plaintiff's payment of higher rent and defendant's acceptance thereof, plaintiff's changing of artwork

on billboard and defendant's acknowledgment of new lease in correspondence]; *Miller v Ball*, 64 NY 286 [1876] [payment of rent, taking possession of premises and making significant improvements sufficient to constitute part performance of oral agreement to sell vacant land]; *see also McKinley v Hessen*, 202 NY 24 [1911]; *Tuttle, Pendelton & Gelston v Dronart Realty Corp.*, 90 AD2d 830 [1982]; *Fiske v Fiske*, 95 AD2d 929 [1983], *affd* 62 NY2d 828 [1984]).

Given the absence of any record evidence in this case that defendants were aware of plaintiff's efforts to obtain a zoning change, the above authorities are completely inapposite and do not support plaintiff's argument for the applicability of the part performance exception to the statute of frauds. Indeed, common sense tells us that if a potential buyer of real property could seek enforcement of an oral agreement to sell based solely on the buyer's purported unilateral part performance, without the seller's knowledge, the purpose of the statute of frauds would be completely undermined.

It is also important that under 22 NYCRR 130-1.1 (c), a court considering sanctions against a party or attorney must consider whether the alleged frivolous conduct was continued when its lack of merit was or should have been apparent to the party or attorney. Here, before the motion court issued its orders, the Seawright defendants' attorney wrote to plaintiff's counsel demanding that the frivolous complaint be withdrawn, but plaintiff rejected this request. Thus, plaintiff's counsel was well aware of the fact that sanctions might be forthcoming if this action was pursued (*see Timoney v Newmark & Co. Real Estate*, 299 AD2d 201, 202 [2002], *lv dismissed* 99 NY2d 610 [2003] [sanctions imposed for frivolous appeal where defendant made efforts to warn plaintiff that action had no merit and should be withdrawn]). In addition, although section 130-1.1 (c) requires the court to consider the time available to counsel for investigating the factual or legal basis for his or her actions, we reject plaintiff's counsel's suggestion that defendants' service of the motion to dismiss shortly prior to the July 4 holiday excuses the continuation of a meritless claim.

Next, we find that plaintiff's appeal from the motion court's cancellation of the notice of pendency was also frivolous. Plaintiff and its counsel argue that this argument was not frivolous since the motion court ignored the fact that the oral agreement included not merely the sale of the shares of the stock, which will not support the filing of a notice of pendency (*5303*

*Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313 [1984]), but also the net lease, the sale of which would affect title to, or the possession, use or enjoyment of, real property (CPLR 6501). Assuming, arguendo, that a complaint alleging an oral agreement to purchase a net lease would ordinarily satisfy the requirements of CPLR 6501, it must be recognized that the notice of pendency was filed in connection with a patently meritless action, as eventually determined by the motion court and affirmed by this Court. Once the motion court dismissed the action on the merits, the notice of pendency was properly cancelled (*Samantha Enters. v Elizabeth St.*, 5 AD3d 280 [2004]), and the only possibility of a reversal and reinstatement of the notice would be if the underlying complaint was also reinstated on appeal. Since in the absence of a signed and delivered contract this action and appeal were doomed from the start, plaintiff and its counsel knew or should have known that the notice would never be reinstated. Accordingly, we conclude that plaintiff's appeal from the cancellation of the notice of pendency was also frivolous within the meaning of 22 NYCRR 130-1.1.

Finally, we also conclude that plaintiff's appeal from the motion court's sanction order was frivolous. Section 130-1.2 permits a court to award costs or impose sanctions, or both, only upon a written decision setting forth sanctionable conduct, the reasons why the court found the conduct to be frivolous and the reasons why the court found the amount awarded or imposed to be appropriate. In its July 14, 2004 order, the motion court expressly identified the sanctionable conduct and its reasons for finding the conduct frivolous: "[t]he filing of the notice of pendency and the commencement of this action by plaintiff and plaintiff's attorneys . . . without the existence of a contract and which are devoid of merit in law or fact." After a hearing to determine the amount of reasonable expenses and attorneys' fees incurred, the court issued an order and the Clerk entered a judgment against plaintiff and its attorneys awarding the Cooper defendants $18,142.67, and the Seawright defendants $16,377.95, "for costs for actual expenses reasonably incurred and reasonable attorneys' fees resulting from the commencement of this action and resulting from the filing of the notice of pendency."

Plaintiff makes numerous arguments challenging the procedures of the sanction court, only one of which requires mention at this late juncture. Plaintiff argues that the court failed to satisfy the third requirement of 22 NYCRR 130-1.2, namely,

that a written decision include "the reasons why the court found the amount awarded or imposed to be appropriate." In our view, the reasons for the amounts awarded are self-explanatory and implicitly found in the court's orders entered July 14 and September 9, 2004, which stated that the hearing was ordered to determine the "costs for actual expenses incurred and reasonable attorneys' fees," which amounts were listed in the September order. Obviously, the amounts awarded by the court were deemed appropriate because they reflected the actual cost to defendants of defending this frivolous action and obtaining cancellation of the notice of pendency. Significantly, these amounts were determined by the court after an evidentiary hearing, at which defendants' legal bills were introduced.

The cases cited by plaintiff are distinguishable, since they involve a sanction award of $5,000 imposed with no explanation as to why that amount was chosen (*see Spinnell v Toshiba Am. Consumer Prods.*, 239 AD2d 175 [1997]), and an award of costs in the form of reasonable expenses and attorneys' fees imposed without a hearing or explanation of reasons for the amount (*see Matter of Rose BB.*, 262 AD2d 805, 807 [1999], *appeal and lv dismissed* 93 NY2d 1039 [1999]).

In sum, plaintiff's appeal was entirely frivolous within the meaning of 22 NYCRR 130-1.1 (*see Timoney v Newmark & Co. Real Estate*, 299 AD2d 201 [2002], *supra* [plaintiff sanctioned for frivolous appeal where contract language squarely rebutted breach of contract claim]; *Skolnick v Goldberg*, 297 AD2d 18 [2002] [declaratory judgment action and appeal were frivolous where based on unenforceable clause in purchase agreement to which defendant was not a signatory]). The appropriate remedy for maintaining a frivolous appeal is the award of costs in the amount of the reasonable expenses and attorneys' fees incurred in responding to the appeal (*id.* at 21).

Although defendants' attorneys have attached their legal bills in order to establish the appropriate amounts, we deem it prudent to afford plaintiff and its counsel an opportunity to challenge the significant amounts requested at an adversary hearing.

Accordingly, on this Court's own motion, the matter should be remanded to Supreme Court for a determination of the amount of expenses and attorneys' fees incurred by defendants in responding on the appeal to this Court (23 AD3d 259 [2005]) and the motion practice for further appeal (6 NY3d 708 [2006]), and for entry of the appropriate judgment as against plaintiff and attorney Matthew Hearle, Esq.

BUCKLEY P.J., NARDELLI, WILLIAMS, GONZALEZ and McGUIRE, JJ., concur.

Upon this Court's own motion, the matter of sanctions in connection with plaintiff's prosecution of an appeal decided November 17, 2005 should be remanded to the Supreme Court for a monetary determination and for entry of the appropriate judgment as against plaintiff and attorney Matthew Hearle.