■ ANDRES MORALES, Respondent, v THOMAS GALEAZZI, Also Known as THOMAS GALEZI, et al., Appellants, et al., Defendant. [898 NYS2d 240]—

In an action, inter alia, to impose a constructive trust on real property, the defendants Thomas Galeazzi, also known as Thomas Galezi, and Tennis Neighbors, Inc., appeal from a judgment of the Supreme Court, Suffolk County (Seidell, J.H.O.), entered November 10, 2008, which, after a nonjury trial, is in favor of the plaintiff on the second cause of action, imposing a constructive trust on certain real property.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the second cause of action to impose a constructive trust on the subject real property is dismissed.

The plaintiff Andres Morales and the defendant Thomas Galeazzi are each 50% shareholders of Depot Road Tennis Club, Inc. (hereinafter DRTC), and are DRTC's only directors. The 1974 certificate of incorporation reflects that DRTC's purpose is essentially to own and run a sports club. Accordingly, DRTC operates a tennis club on a six-acre property (hereinafter the tennis property) that it owns in Westhampton Beach, New York. Galeazzi no longer participated in DRTC's operation and

management as of 1982. Since that year, club membership has dwindled, and Morales had no plans to enlarge the tennis club.

Through various corporations in which Morales had no involvement, including the defendant Tennis Neighbors, Inc., Galeazzi acquired two properties. Specifically, in 1990, he obtained a three-acre property adjacent to the tennis property (hereinafter the 1990 property), and in 2003, he acquired a four-acre property also adjacent to the tennis property (hereinafter the 2003 property). A sale of the tennis property, the 1990 property, and the 2003 property, to a condominium developer is currently pending.

Morales, individually, and on behalf of DRTC, commenced this action seeking, inter alia, the imposition of constructive trusts on both the 1990 and 2003 properties. He alleged that in orchestrating those purchases, Galeazzi diverted corporate opportunities belonging to DRTC. Following a nonjury trial, the Supreme Court imposed a constructive trust in DRTC's favor solely on the 2003 property.

"[D]irectors and officers of corporations, in the performance of their duties, stand in a fiduciary relationship to their corporation. As such, they owe the corporation their undivided loyalty and may not assume and engage in the promotion of personal interests which are incompatible with the superior interests of their corporation. Specifically, an officer or director of a corporation may not, without consent, divert and exploit for [his or her] own benefit any opportunity that should be deemed an asset of the corporation" (*Yu Han Young v Chiu*, 49 AD3d 535, 536 [2008] [citations and internal quotation marks omitted]; *see Alexander & Alexander of N.Y. v Fritzen*, 147 AD2d 241, 246 [1989]). Here, no diversion occurred, as the record reflects that DRTC had no tangible expectation of purchasing the 2003 property (*see Samantha Enters. v Elizabeth St.*, 5 AD3d 280 [2004]; *Gesuale v Tully*, 178 AD2d 631 [1991]; *O'Hayer v de St. Aubin*, 30 AD2d 419, 427 [1968]). Accordingly, a constructive trust should not have been imposed. Covello, J.P., Miller, Leventhal and Chambers, JJ., concur.