■ JIN LEE, Respondent, v MANCHESTER REAL ESTATE AND CONSTRUCTION, LLC, Appellant. [988 NYS2d 620]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered February 25, 2013, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment on its counterclaim for breach of fiduciary duty, unanimously affirmed, with costs.

The motion was properly denied since triable issues of fact exist as to whether plaintiff, the former Chief Investment Officer of defendant (Manchester), usurped corporate opportunities by forwarding emails sent to Manchester containing real estate investment opportunities to Royalton Capital, Inc. (Royalton), a business owned and operated by her husband. Manchester failed to eliminate triable issues as to whether it had a tangible expectancy in the investment opportunities, or simply harbored a mere desire or hope of pursuing them, directly as a purchaser/investor or indirectly as a lender to other purchasers or investors (*see Alexander & Alexander of N.Y. v Fritzen*, 147 AD2d 241, 247-248 [1st Dept 1989]). Manchester failed to identify a particular deal in which it specifically would have invested or acted as lender, or any similar deals on which it actually closed. Furthermore, the emails in question were not forwarded exclusively to Manchester, but rather were sent to a number of individuals and/or entities.

Contrary to Manchester's arguments, the "tangible expectancy" test was, in this case, a proper means to identify a corporate opportunity. Courts have generally applied the tangible expec-

tancy test, but no one test alone is "consistently sufficient" to address what constitutes a corporate opportunity in every case (*Alexander & Alexander*, 147 AD2d at 248; *see also Samantha Enters. v Elizabeth St.*, 5 AD3d 280 [1st Dept 2004]).

Even under the line-of-business test urged by Manchester, it failed to eliminate all triable issues regarding whether it is in the same line of business as Royalton. It is unclear that the smaller opportunities at issue are the same as those typically pursued by Manchester, or were necessary to its business (*see Alexander & Alexander*, 147 AD2d at 248). Further, this Court has rejected a broad construction of, or "rigid adherence" to, the "line of business" test (*Fender v Prescott*, 101 AD2d 418, 423 [1st Dept 1984], *affd* 64 NY2d 1077 [1985]; *see also Burg v Horn*, 380 F2d 897, 901 n 3 [2d Cir 1967]).

Even were we to conclude that the deals in question involved corporate opportunities, triable issues exist concerning whether Manchester consented to the conduct at issue (*see Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665, 666 [1st Dept 1993]; *Alexander & Alexander*, 147 AD2d at 246). Concur—Tom, J.P., Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.