■ LONDON PAINT & WALLPAPER CO., INC., Doing Business as LONDON TRUE VALUE HARDWARE and Others, et al., Respondents, v SIDNEY KESSELMAN as Cotrustee of KESSELMAN LIVING TRUST DATED OCTOBER 6, 1997, et al., Appellants, et al., Defendants. [30 NYS3d 90]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 28, 2015, which granted plaintiffs' motion for a preliminary injunction staying a summary holdover proceeding commenced by defendant Sidney Kesselman as cotrustee of Kesselman Living Trust Dated October 6, 1997, pending further order of the court and on condition that plaintiffs file an undertaking in the sum of $15,000, unanimously modified, on the facts and in the exercise of discretion, to vacate the amount of the undertaking, and the matter remanded for the setting of an appropriate undertaking in accordance herewith, and otherwise affirmed, without costs.

Plaintiffs seek a judgment declaring that certain alleged oral agreements that they have relied on for decades are valid and enforceable. Their claim raises such issues as the capacity of defendants Sidney Kesselman and Evelyn Kesselman to enter into a restated trust agreement and their respective knowledge or understanding of the terms thereof, which allegedly allowed Sidney to act alone with respect to the building owned by the trust.

Plaintiffs demonstrated irreparable harm in the absence of a preliminary injunction staying the summary holdover proceeding, a likelihood of success on the merits of their claim, and a balance of the equities in their favor (*see Doe v Axelrod*, 73 NY2d 748 [1988]). The loss of plaintiff London Paint & Wallpaper Co., Inc.'s valuable commercial leasehold interest as a result of being evicted before the enforceability of those oral agreements was determined would render the ultimate relief inadequate (*see Jiggetts v Perales*, 202 AD2d 341 [1st Dept 1994]; *Calo v Chui*, 254 AD2d 191, 192 [1st Dept 1998]).

Plaintiffs submitted affidavits and documentary evidence supporting their claims that the parties had entered into oral agreements that London Paint would pay below market rent, to be raised only upon the parties' agreement, so long as Sidney and Evelyn were alive, which agreements were reflected in writings and relied on by plaintiff Leonard Kesselman, who, inter alia, made improvements to the property (*see Calo v Chui*, 254 AD2d at 191-192). The issues raised in this intrafamily dispute are not susceptible to resolution in a summary proceeding. Moreover, while the Civil Court is the preferred forum for landlord-tenant disputes, it lacks the authority to grant the declaratory relief sought by plaintiffs (*see Lex 33 Assoc. v Grasso*, 283 AD2d 272, 272-273 [1st Dept 2001]). As for the balance of the equities, the only possible harm to defendants, if they prevail in the action, is a delay in receiving a market rate rent for the commercial space, which can be mitigated by an appropriate undertaking.

If it is determined that the preliminary injunction was not warranted, defendants will be entitled to recover fair market value for plaintiffs' use and occupancy of the subject commercial space between the purported expiration of the lease term on March 31, 2015 and the final determination (*see C & N Camera & Elecs. v Farmore Realty*, 178 AD2d 310 [1st Dept 1991]). Although the report submitted by defendants to establish the fair market rent for the commercial space is unsworn and unsigned, it presents some evidence that the $15,000 undertaking ordered by Supreme Court is not rationally related to their potential damages. Accordingly, we remand the matter to Supreme Court to set the amount of plaintiffs' undertaking upon receipt of competent evidence of the fair market rent for the commercial space (*see e.g. 1414 Holdings, LLC v BMS-PSO, LLC*, 116 AD3d 641, 643-644 [1st Dept 2014]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.