Streit v Bombart (2020 NY Slip Op 05706)





Streit v Bombart


2020 NY Slip Op 05706


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 20465/18E Appeal No. 12055 Case No. 2019-5030 

[*1]Clifford Streit, etc., et al., Plaintiffs-Appellants,
v
Jonathan Bombart, etc., et al., Defendants-Respondents.


The Law Offices of Neal Brickman, P.C., New York (Jason A. Stewart of counsel), for appellants.
Law Office of Gerald Pigott, Bethpage (Gerald M. Pigott of counsel), for Jonathan Bombart, respondent.
Kriss & Feuerstein LLP, New York (Greg A. Friedman of counsel), for Madison Realty Capital Advisors, LLC, respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about May 17, 2019, which granted defendants' motions to dismiss the complaint as against them pursuant to CPLR 3211(a), unanimously affirmed, with costs.
Plaintiff seeks a declaration that in April 2015 he entered into an enforceable oral agreement with nonparty Louis Bombart (Louis) to acquire Louis's 75% interest in Tiny Fiesta LLC, which allegedly owned and managed an apartment building in the Bronx. In exchange, plaintiff allegedly agreed, among other things, to refinance or buy out the mortgage on the property, which was held by defendant Madison Realty Capital Advisors, LLC (Madison). The complaint also alleges that Louis assigned to plaintiff his interest in Tiny Fiesta as well as the right to collect certain monies held by defendant Jonathan Bombart (Bombart), Louis's son.
The complaint alleges that, pursuant to the oral agreement, plaintiff spent five months attempting to work out a deal with Madison for the refinancing or buyout of the mortgage, only to be told, in October 2015, that Madison had decided not to enter into any deal with plaintiff and to deal instead with Bombart, who held the other 25% interest in Tiny Fiesta. During the next few months, plaintiff tried to get Louis to memorialize in writing the terms of their alleged oral agreement, which, the complaint alleges, required plaintiff, in exchange for Louis's 75% interest, to pay $8 million in addition to paying off the mortgage and liens on the property. However, Louis died in June 2016 without signing the agreement. In probate proceedings in Florida, Louis's interest was treated as part of his estate, and was sold, with the court's approval, to Bombart.
The complaint and supporting materials fail to allege the existence of an enforceable oral agreement, because the terms of the agreement are not definite (see Cobble Hill Nursing Home v Henry and Warren Corp., 74 NY2d 475, 482 [1989], cert denied 498 US 816 [1990]). The consideration owed to Louis is described inconsistently, and the arrangement between plaintiff and Louis is described in emails among plaintiff, Louis and Madison in different ways, including a partnership to own and manage the property. In any event, as the complaint makes clear that Tiny Fiesta's only significant asset was the real property and income generated from it, pursuant to the statute of frauds, the agreement between plaintiff and Louis was required to be in writing (see General Obligations Law § 5-703 [1]; Bergman v Krausz, 19 AD3d 186 [1st Dept 2005]; Pritsker v Kazan, 132 AD2d 507 [1st Dept 1987]).
Plaintiff's reliance on the doctrine of part performance in an attempt to evade the statute of frauds is unavailing (see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]). Plaintiff alleges no conduct on his part that was unequivocally referable to the alleged oral agreement, i.e., conduct that was "permitted or induced by [defendants], such as possession of the premises, payment of rent or significant improvements to the premises" (Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 72 [1st Dept 2006]). He alleges only that he engaged in months of fruitless negotiations with Madison and placed an unspecified amount of money in escrow to fund legal costs. The doctrines of equitable estoppel and promissory estoppel do not avail plaintiff because the complaint does not allege any inequitable or unconscionable injury (see Steele v Delverde S.R.L., 242 AD2d 414, 415 [1st Dept 1997]).
Given the failure of the claim for a declaratory judgment, plaintiff lacks standing to bring derivative causes of action for an equitable accounting, breach of fiduciary duty against Bombart, and aiding and abetting breach of fiduciary duty against Madison.
The remaining claims were correctly dismissed for failure to plead essential elements. In particular, the fraud and aiding and abetting fraud claims are based on alleged false statements of future intentions, which are insufficient (see Roney v Janis, 77 AD2d 555, 556-557 [1st Dept 1980], affd 53 NY2d 1025 [1981]). The claims that Madison tortiously interfered with plaintiff's prospective economic advantage, and that Bombart aided and abetted it, fail to allege that defendants acted solely out of malice or
used improper or illegal means that amounted to a crime or independent tort (see Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020