885-887 Cauldwell LLC v 885 C. Realty Corp. (2026 NY Slip Op 00009)

885-887 Cauldwell LLC v 885 C. Realty Corp.

2026 NY Slip Op 00009

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Shulman, Hagler, JJ. 

Index No. 811053/23|Appeal No. 5504|Case No. 2025-00681|

[*1]885-887 Cauldwell LLC, Respondent,
v885 C. Realty Corp., et al., Defendants, Rafael M. Santos, Also known as Rafael M. Pantoja, Defendant-Appellant.

Rafael M. Pantoja, Jr., appellant pro se.
Lefkowitz Legal PLLC, Chappaqua (Howard M. Lefkowitz of counsel), for respondent.

Appeal from judgment, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about January 30, 2025, granting the declarations and injunctions demanded in the verified complaint based on defendants' failure to interpose an answer to the complaint, unanimously dismissed, without costs, as taken from a nonappealable paper. On this Court's own motion, the matter is remanded to Supreme Court for determination of costs and/or sanctions to be assessed against defendant Rafael M. Santos, also known as Rafael M. Pantoja (Pantoja), and/or his counsel on this appeal in connection with Pantoja's prosecution of this appeal (Rules of Chief Admr of Cts [22 NYCRR] §§ 130-1.1, 130-1.2).
No appeal lies from a judgment entered upon a party's default (see CPLR 5511; Citibank, N.A. v Kallman, 172 AD3d 489, 489 [1st Dept 2019]). "The proper procedure was to move to vacate the default and, if necessary, appeal from the denial of that motion" (Squitieri v Kaufman, 193 AD3d 534, 534 [1st Dept 2021]).
We agree with plaintiff that this appeal was frivolous as it both was "completely without merit in law and [could] not be supported by a reasonable argument for an extension, modification or reversal of existing law" and "assert[ed] material factual statements that are false" (22 NYCRR 130-1.1 [c] [1]), [c] [3]). Accordingly, we remit the matter to Supreme Court for a determination as to the amount of costs and/or sanctions to be imposed in connection with Pantoja's prosecution of this appeal (see Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 75 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026